**HARLANDALE INDEPENDENT SCHOOL DISTRICT,**
**Appellant,**

v.

**Susana HERNANDEZ, Appellee.**

**No. 04–99–00083–CV.**

Court of Appeals of Texas,
San Antonio.

May 19, 1999.

Juan J. Cruz, Escamilla & Poneck, Inc., San Antonio, for appellant.

Katherine L. Duff, Duff & Vitela, P.C., Round Rock, for appellee.

Sitting: PAUL W. GREEN, Justice SARAH B. DUNCAN, Justice KAREN ANGELINI, Justice.

## OPINION ON MOTION TO DISMISS

Opinion by: PAUL W. GREEN, Justice.

Susana Hernandez sued Harlandale Independent School District for violating the Texas Whistleblower Act. When the trial court denied Harlandale's motion to dismiss, the school district

■■■ A governmental unit may appeal an interlocutory order that "grants or denies a plea to the jurisdiction." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999); *see also id.* § 101(3)(B) (defining a school district as a governmental unit). A plea to the jurisdiction is the appropriate procedural vehicle to challenge the trial court's subject matter jurisdiction. *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 752 (Tex.App.—Austin 1998, no pet.). A trial court lacks subject matter jurisdiction if a plaintiff fails to comply "with an existing grievance procedure" before suing under the Whistleblower Act. *Permian Basin Community Ctrs. for Mental Health & Mental Retardation v. Johns,* 951 S.W.2d 497, 502 (Tex.App.—El Paso 1997, no writit);[1] *see also Essenburg v. Dallas County,* 988 S.W.2d 188, 189 (Tex.1998).

■■■ Harlandale's motion to dismiss alleges that Hernandez failed to timely invoke the applicable grievance procedure. *See* TEX. GOV'T CODE ANN. § 554.006(a-b) (Vernon Supp.1999) (entitled "Use of Grievance or Appeal Procedures"). It

does not allege that she failed to file suit within the applicable statute of limitations. *See id.* § 554.005 (Vernon 1994) (entitled "Limitation Period"). Because Harlandale's motion questioned subject-matter jurisdiction, the school district may appeal the trial court's denial of the motion. We therefore deny Hernandez's motion to dismiss the appeal for lack of jurisdiction.

---

1. At the time *Johns* was written, the Whistleblower Act required a plaintiff to "exhaust" grievance procedures unless an administrative decision was not rendered within thirty days. Act of May 29, 1989, 71st Leg., R.S., ch. 1222, § 1, Tex. Gen. Laws 4943, 4943 (former TEX.REV.CIV. STAT. ANN art. 6252–16a, § 3(d-e)). The statute now requires a plaintiff to timely "initiate" grievance procedures;

and, if an administrative decision is not rendered in sixty-one days, the statute permits the plaintiff to exhaust the grievance procedures or immediately sue. Act of May 25, 1995, 74th Leg., R.S., ch. 721, § 6, 1995 Tex. Gen. Laws 3812, 3813 (current version at TEX GOV'T CODE ANN. § 554.006 (Vernon Supp. 1999)). This change did not alter the jurisdictional nature of the administrative process.