CITY OF SAN ANTONIO, Appellant,

v.

Alberto MARIN and Clyde
Gentle, Appellees.

No. 04–99–00511–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 16, 2000.

Rehearing Overruled March 14, 2000.

Lowell F. Denton, Deborah L. Leach,
Denton, McKamie & Navarro, P.C., San
Antonio, for Appellant.

Stephen W. Boyd, Law Offices of Boyd
& Dietzmann, P.C., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice, CATHERINE STONE, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

In this accelerated appeal, the City of San Antonio appeals the trial court's interlocutory order denying its motion to abate, claiming that the appellees, Alberto Marin and Clyde Gentle, failed to properly exhaust their administrative remedies before filing their whistle-blower action in district court.[1] We reverse the trial court's order and render judgment that the trial court lacks jurisdiction over the appellees' suit.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 4, 1996, San Antonio Police Officers Alberto Marin and Clyde Gentle filed suit against their employer, the City of San Antonio, for adverse personnel actions, which allegedly violated the Texas Whistle–Blower's Act. Two days prior to filing this lawsuit, Marin and Gentle requested a hearing before a third party arbitrator for the purpose of resolving the issues surrounding their complaints.

The record reflects that the American Arbitration Association sent both the appellees' attorney and the attorney for the City a list of proposed hearing examiners and requested that the parties agree on an examiner to hear the case. The Association indicated that, if both parties could not agree on an examiner within five working days, then they should begin alternately striking names until an examiner had been selected. The record contains one letter from the appellees' attorney to the assistant city attorney dated March 28, 1996, which indicates that she believed the City should make the first strike. The assistant city attorney responded via letter stating that, if the appellees' attorney wished to choose an examiner via the strike method, she should contact him so that they could do so.

The assistant city attorney in charge of the file testified via affidavit that he received no response from the appellees' attorney and that the appellees' attorney never followed through with the grievance proceeding. Over the course of two years, the American Arbitration Association made at least nine attempts to ascertain whether the parties had agreed on a hearing examiner to hear the appellees' grievance. After receiving no response from either party, the Association closed its file on or around December 24, 1998.

On June 24, 1999, the City filed a motion requesting the trial court to abate the lawsuit so that all administrative remedies could be exhausted before the case went forward. During a hearing on the motion, the appellees' attorney indicated that the appellees had effectively terminated the administrative process and the appellees had no intention of going forward with the grievance proceeding. The City then argued that the case should be dismissed for lack of jurisdiction because the appellees failed to satisfy the statutory prerequisites to filing suit under the Whistle–Blower Act. The trial court denied the City's motion.

### ARGUMENT AND AUTHORITY

■ The City contends that, because the appellees failed to exhaust or terminate the applicable grievance procedure before filing suit under the Whistle–Blower Act, the trial court lacks jurisdiction over their suit. The resolution of this case

---

1. According to the Texas Civil Practices and Remedies Code, a governmental unit may appeal an interlocutory order that grants or denies a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.1999). Because the City's motion to abate questioned the trial court's subject matter jurisdiction by alleging that the appellees failed to properly comply with the administrative grievance procedures, this court has jurisdiction over the appeal. *See Harlandale Indep. Sch. Dist. v. Hernandez*, 994 S.W.2d 257, 258 (Tex.App.-San Antonio 1999, no pet.).

turns on the interpretation of section 554.006 of the Texas Government Code, which sets out the prerequisites to filing suit under the Texas Whistle–Blower Act.

Prior to 1995, sub-section (a) of Section 554.006 required an employee to *"exhaust any applicable grievance or appeal procedures"* before filing suit. Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 610 (amended 1995) (current version at TEX. GOV'T CODE ANN. § 554.006 (Vernon Supp.1999)) (emphasis ours). The current version of section 554.006 provides that the employee must *"initiate* action under the grievance or appeal procedures" of the employing entity before filing suit. TEX. GOV'T CODE ANN. § 554.006(a) (Vernon Supp.1999) (emphasis ours).

▪ According to the terms of the amended statute, the appellees argue that they are not required to exhaust their administrative remedies before filing suit. They maintain that, because they initiated a grievance proceeding two days prior to filing their lawsuit, the statutory prerequisites to the lawsuit have been satisfied. This is true, though, only if our analysis of the amended statute is controlled solely by the change of the word "exhaust" to the word "initiate." However, our role in interpreting the practical effects of the amendment requires us to look for and give effect to the intent of the Legislature. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998). And in determining legislative intent, we must examine the statute as a whole, not merely isolated provisions of the statute. *See Chevron Corp. v. Redmon,* 745 S.W.2d 314, 316 (Tex.1987); *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985).

In addition to providing that an employee initiate grievance procedures before filing a whistle-blower suit, the amended version of section 554.006 provides that the

employee must invoke the grievance procedure not later than 90 days after the alleged violation occurred or was discovered. *See* TEX. GOV'T CODE ANN. § 554.006(b) (Vernon Supp.1999). The statute goes on to provide that the time used by the employee in the grievance procedure is excluded from the statutory limitations period for filing suit. TEX. GOV'T CODE ANN. § 554.006(c) (Vernon Supp.1999). Finally, and most important to our analysis, the statute provides that, if a final decision has not been rendered in the grievance procedure within 60 days of the date the grievance was filed, the employee has the option of (1) exhausting the grievance procedure without losing the right to sue for 30 days following exhaustion or (2) terminating the grievance procedure and filing suit within the time remaining under the statute of limitations. *See* TEX. GOV'T CODE ANN. § 554.006(d) (Vernon Supp.1999).

This last portion of the statute was also changed by the 1995 amendment. Prior to the amendment, sub-section (d) provided that Section 554.006 did not apply "if a final decision is not rendered before the 31st day after the date on which the employee initiated the grievance or appeal." Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 610 (amended 1995) (current version at TEX. GOV'T CODE ANN. § 554.006 (Vernon Supp. 1999)). Accordingly, prior to the 1995 amendment, employees seeking to sue under the Whistle–Blower Act were required to exhaust the grievance procedure before filing suit, unless a final decision in the grievance procedure had not been reached within 30 days, in which case the employee could proceed with filing suit. In practical effect, the employee did not have to exhaust his administrative remedies if the grievance procedure was not expeditiously resolved.[2] *See Gregg County v. Farrar,* 933 S.W.2d 769, 776 (Tex.App.-Austin 1996, no writ) (noting that legislative history in-

---

2. We note that, in spite of this exception, the statute still required the employee to initiate *each step* of the grievance procedure before

suit could be filed. *See Gregg County v. Farrar,* 933 S.W.2d 769, 776–77 (Tex.App.-Austin 1996, no writ).

dicated that 30 day-deadline was designed to protect the employee from unfair delays).

Under the current version of the statute, the same result occurs, except for the fact that the employee must now wait 60 days for a final decision before filing suit. If 60 days has passed without a final decision, the employee may file suit without exhausting his administrative remedies or he may continue with the grievance procedure, just as an employee operating under the former version of the statute could. Therefore, when the entire statute is taken in context, we see that the portion of the statute that actually changed with the amendment was the amount of time the employee has to wait for a final decision. Practically, the change in wording from "exhaust" to "initiate" in subsection (a) has no effect on the implementation of the statute.

■ The appellees contend, though, that the Legislature would not have changed the word "exhaust" to the word "initiate" if exhaustion was required. We agree. Exhaustion, in the literal sense of the word, is not required under the statute. As illustrated above, even under the former version of the statute, complete exhaustion of administrative remedies was not required. The use of the word "initiate" in the current version appears to be an attempt by the Legislature to clarify the language of sub-section (a) so that it more accurately reflects the true process of events under the statute as a whole. While exhaustion is not required, an employee is required to initiate the grievance procedure and give the employer an opportunity to reach a final decision within 60 days. Only then, does the statute permit the filing of suit under the Whistle–Blower Act. *See* TEX. GOV'T CODE ANN. § 554.006(d) (Vernon Supp.1999).

■ This is in keeping with the purpose of section 554.006, which did not change with the 1995 amendment. It is designed to afford the accused employer "the opportunity to correct its errors by resolving disputes before being subjected to the expense and effort of litigation." *Farrar*, 933 S.W.2d at 775 (citing House Research Organization, Bill Analysis. Tex. H.B. 1405, 71st Leg., R.S. (1989)). To take the Legislature's action in substituting the word "initiate" for the word "exhaust" in sub-section (a) to mean that an employee could initiate a grievance procedure and then, two minutes, two hours, or two days later, file a lawsuit under the Whistle–Blower Act would not only render the remainder of the statute meaningless, it would completely abdicate the purpose of Section 554.006.

■ While we must, where possible, discern legislative intent from the plain meaning of the words used in the statute, we may not so rigidly interpret one portion of a statute that the remainder of the statute becomes surplusage. *See Chevron*, 745 S.W.2d at 316. Because the change to sub-section (a) may not be viewed in a vacuum under the rules of statutory construction, we refuse to "decide the scope or meaning of statutory language by a bloodless literalism in which text is viewed as if it had no context." *See University of Texas at Arlington v. Bishop*, 997 S.W.2d 350, 358 (Tex.App.-Fort Worth 1999, no pet.) (quoting *West Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 532 (Tex.App.-Austin 1994, no writ)). Sub-section (a), when viewed in context of the entirety of section 554.006, clearly prohibits suit from being filed anytime within 60 days of the date the grievance procedure is initiated. By filing suit within 2 days of initiating the grievance procedure, the appellees violated both the spirit and the letter of the statute.[3]

---

**3.** Appellees claim that they are, in fact, in compliance with the statute because there was not a final decision in the grievance procedure within 60 days, and therefore, they elected to terminate the procedure and go forward with their suit under sub-section (d). This argument is disingenuous. Clearly, appellees made no election under sub-section (d) where their suit was already pending at the 60 day deadline.

Because appellees failed to satisfy the mandatory statutory prerequisites to filing suit under the Texas Whistle–Blower Act, the trial court lacked jurisdiction over their case. *See Harlandale Indep. Sch. Dist. v. Hernandez,* 994 S.W.2d 257, 258 n. 1 (Tex.App.-San Antonio 1999, no pet.) (noting that section 554.006 administrative process is jurisdictional in nature); *Farrar,* 933 S.W.2d at 777 (holding that failure to comply with statutory requirements deprives court of jurisdiction). Accordingly, we reverse the trial court's order and render judgment that this case is dismissed for lack of jurisdiction.