No. 04-02-00051-CV



CITY OF SAN ANTONIO and Al Philippus,


Appellants



v.



Alberto MARIN and Clyde Gentle,


Appellees



From the 216th Judicial District Court, Gillespie County, Texas


Trial Court No. 9191


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: May 31, 2002


REVERSED AND RENDERED

 This is the second appeal before this court in which the City of San Antonio ("City") appeals
a trial court's interlocutory order denying a plea to the jurisdiction challenging the appellees' failure
to exhaust administrative remedies with regard to adverse personnel actions which the appellees
allege violate the Texas Whistleblower Act. The sole issue being raised on appeal is whether the
trial court erred in failing to grant the City's plea to the jurisdiction as to the appellees'
whistleblower claims due to the appellees' failure to pursue or timely exhaust their administrative
remedies. We conclude that the appellees are statutorily barred from pursuing their whistleblower
claims, and we render judgment dismissing the whistleblower claims for lack of jurisdiction. We
remand the cause for further proceedings with regard to all of the appellees' other claims.

Background


 On January 2, 1996, Officer Alberto Marin ("Marin") and Officer Clyde Gentle ("Gentle")
requested a hearing before a third party arbitrator for the purpose of resolving their complaints that
certain adverse personnel actions taken by the City violated the Texas Whistleblower Act ("Act").
Two days later, on January 4, 1996, Marin and Gentle filed a lawsuit alleging violations of the Act
and other claims (the "First Lawsuit"). In accordance with the grievance procedures contained in
the parties' collective bargaining agreement, the American Arbitration Association ("AAA") sent
the attorneys for the parties a list of proposed hearing examiners in January of 1996, and requested
that the parties agree on an examiner. The letter indicated that if the parties were unable to mutually
agree on a hearing examiner within five days, each party would alternately strike from the list, and
the remaining name would be the hearing examiner. 

 Two months later, in March of 1996, the attorney for Marin and Gentle sent a letter to the
City's attorney stating:

 According to the procedures if the parties have not agreed to an arbitrator they
alternately strike an arbitrator. It seems the City has always gone first. Please advise
[when] you will proceed with striking an arbitrator.


A few days later, the City's attorney responded in writing, expressing his confusion regarding the
contents of the March letter and stating that if the attorney wished to select arbitrators by the strike
method to contact him. The City's attorney did not receive a response to this letter. Furthermore, the
attorney for Marin and Gentle failed to respond to at least nine attempts by AAA to ascertain whether
the parties had agreed on a hearing examiner. Finally, in December of 1998, AAA notified both
attorneys that AAA had not received a response to its several inquiries and that the file would be
closed on December 24, 1998, unless AAA was advised that the parties wished to proceed with
arbitration prior to that date.

 On June 24, 1999, the City filed a motion to abate the First Lawsuit until all administrative
remedies were exhausted. At the hearing on the motion to abate, the attorney for Marin and Gentle
stated that they had terminated the grievance procedures and filed the First Lawsuit instead. The trial
court inquired:

 THE COURT: All right. Right now, Mr. Boyd, if I were to say, "I'm going to give
the City 30 days to complete the arbitration process," are you still going to refuse to
name an arbitrator?


 MR. BOYD: We don't - we have terminated the proceedings and we have filed suit,
and that's our position.


The trial court denied the City's motion to abate, and the City appealed. We reversed the trial court's
order, holding that Marin and Gentle violated the statutory provision prohibiting them from filing a
lawsuit until 60 days after the City's grievance procedures were initiated, noting that the lawsuit was
filed only two days after Marin and Gentle requested the arbitration hearing. City of San Antonio v.
Marin, 19 S.W.3d 438, 441 (Tex. App.--San Antonio 2000, no pet.). We rendered judgment
dismissing the First Lawsuit for lack of jurisdiction on February 16, 2000. Id. at 442.

 On March 24, 2000, the attorney for Marin and Gentle advised the City that in view of our
decision, Marin and Gentle desired to continue with the arbitration process and requested the City to
submit the name of its agreed arbitrator. The City responded in writing that because the allegations
or "rights" of Marin and Gentle were not properly or timely asserted, the claims were legally barred.
On May 24, 2000, Marin and Gentle submitted a demand for arbitration to AAA. On June 30, 2000,
the City objected to the appointment of an arbitrator based on the failure of Marin and Gentle to
participate in the selection of an arbitrator earlier and based on the attorney's representations at the
hearing on the motion to abate that Marin and Gentle had terminated the arbitration proceedings. On
July 11, 2000, Marin and Gentle filed a second lawsuit asserting violations of the Act and other
claims (the "Second Lawsuit").

 In August of 2000, AAA acknowledged receipt of the City's objection and requested that the
attorney for Marin and Gentle respond to the objections on or before August 14, 2000. In December
of 2000, the City sent a letter to AAA, stating that the City's objections to the arbitration stood and
that the City should not be responsible for any fee relating to the belated effort to arbitrate. AAA
acknowledged receipt of this letter and requested that the attorney for Marin and Gentle respond by
December 28, 2000. AAA's letter stated, "Absent comments to [the] contrary we assume you agree
with the City's position and will assume this case withdrawn and close our file." On February 15,
2001, AAA sent a letter stating that if no response was filed by the parties before March 15, 2001,
AAA's records would reflect that the matter had settled.

 On November 13, 2001, the City filed a plea to the jurisdiction in the Second Lawsuit,
alleging that Marin and Gentle failed to pursue or failed to timely exhaust their administrative
remedies with regard to their whistleblower claims. The trial court denied the motion.

Standard of Review


 A trial court's ruling on a plea to the trial court's subject matter jurisdiction is reviewed de
novo. Herring v. Welborn, 27 S.W.3d 132, 136 (Tex. App.--San Antonio 2000, pet. denied);
Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex. App.--Austin 2000, no pet.). "[A] court deciding
a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and
must do so when necessary to resolve the jurisdictional issues raised." Bland Ind. Sch. Dist. v. Blue,
34 S.W.3d 547, 555 (Tex. 2000).

Failure to Exhaust Administrative Remedies


 The lawsuit filed by Marin and Gentle alleged violations of the Act through two primary
actions taken against them by the City, namely: (1) reassignment grievances; and (2) disciplinary
suspensions. We must determine whether Marin and Gentle exhausted their administrative remedies
as to each of these alleged actions.

 Before bringing a lawsuit for a violation of the Act, a public employee must initiate action
under the employing governmental entity's grievance procedures. See Tex. Gov't Code Ann. §
554.006(a) (Vernon Supp. 2002). Under section 554.005, an employee must sue within 90 days from
the date an alleged violation of the Act occurs or was discovered through reasonable diligence;
provided, however, time used in acting under a grievance procedure is excluded in calculating the 90
day limit. See Tex. Gov't Code Ann. §§ 554.005, 554.006(c) (Vernon 1994 & Supp. 2002). If a
final decision is not rendered before the 61st day after the date the grievance procedures are initiated,
the employee may elect to: (1) exhaust the grievance procedures, in which event the employee must
sue not later than the 30th day after the date the grievance procedures are exhausted; or (2) terminate
the grievance procedures, in which event the employee must sue within the time remaining under
section 554.005 to obtain relief. Id. at § 554.006(d). When a formal grievance procedure contains
several specific steps, the employee must initiate each of these steps in order to exhaust the grievance
procedure. Gregg County v. Farrar, 933 S.W.2d 769, 776-77 (Tex. App.--Austin 1996, writ denied);
see also Johnson v. City of Dublin, 46 S.W.3d 401, 405 (Tex. App.--Eastland 2001, no writ)
(employee must initiate each step of the grievance procedure).


 Reassignment Grievances


 The City introduced evidence of a formal six step procedure that an employee must follow
with regard to reassignment grievances. If the employee is dissatisfied after having pursued each of
these steps, the employee may appeal the grievance to arbitration. The City's uncontroverted
evidence proved that the reassignment grievances filed by Marin and Gentle were resolved at the fifth
step in the grievance procedure because neither Marin nor Gentle submitted the grievance for further
consideration under step 6 of the procedure. Therefore, Marin and Gentle did not exhaust their
administrative remedies as to the reassignment grievances. See Farrar, 993 S.W.2d at 776; Johnson,
46 S.W.3d at 405.


 Disciplinary Suspensions


 The City introduced evidence that a different procedure applies when an employee is demoted
or suspended. An employee's appeal of such a disciplinary action is submitted to arbitration provided
that the employee appeals the decision in writing within ten days after receipt of a written statement
pointing out the particular rule or rules alleged to have been violated and the specific act or acts
alleged to be in violation. The parties are then required to attempt to mutually agree on an arbitrator.
If they fail to agree within ten days after the appeal is filed, the parties are sent a list of seven, neutral,
qualified arbitrators from AAA. The parties may mutually agree on one of the neutrals or, if they do
not agree, must alternately strike names on the list within five days after receipt of the list, and the
remaining name shall be the arbitrator. The parties must act to complete the arbitration selection
process at the earliest possible date.

 Marin and Gentle contend that the trial court properly denied the City's plea to the jurisdiction
because they elected to proceed under section 554.006(d)(1) and filed suit only after the grievance
procedure had been exhausted by the City's failure to participate in the arbitration. The City responds
that at the hearing on the motion to abate in the First Lawsuit, Marin and Gentle elected to proceed
under section 554.006(d)(2) by announcing their position that they had elected to terminate the
grievance procedures. 

 We conclude that Marin and Gentle elected to terminate the grievance procedure either: (1)
by failing to respond to the inquiries sent by AAA over a two and one-half year period of time; or (2)
by announcing on the record at a court hearing, conducted more than sixty days after the grievance
procedure had been initiated, that they had elected to terminate the grievance procedure. If we
consider the failure to respond to AAA's inquiries as the terminating election, the grievance
procedure was terminated at the very latest on December 24, 1998, after Marin and Gentle failed to
respond to AAA's notice that the file would be closed on that date unless AAA was advised to the
contrary. 

 The First Lawsuit was properly dismissed because it was filed two days after the grievance
procedure was initiated. This Second Lawsuit must be dismissed because it was not filed until: (1)
more than one and one-half years after AAA closed its file based on the failure by Marin and Gentle
to respond to numerous inquiries, effectively terminating the grievance procedure by failing to act;
and (2) more than one year after Marin and Gentle announced their election to terminate the grievance
procedure in open court. In either event, the Second Lawsuit was filed more than 90 days from the
date Marin and Gentle elected to terminate the grievance procedure. See Tex. Gov't Code Ann. §
554.006(d)(2) (Vernon Supp. 2002) (employee must file suit within 90 days from date employee
elects to terminate grievance procedure).

Conclusion


 The trial court's order is reversed, and judgment is rendered dismissing the appellees'
whistleblower claims for lack of jurisdiction. The cause is remanded to the trial court for further
proceedings with regard to appellees' other claims.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


DO NOT PUBLISH