In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00919-CV

____________


UNIVERSITY OF HOUSTON SYSTEM; 

UNIVERSITY OF HOUSTON-CLEAR LAKE;

CHARLES W. MCKAY, PhD, in his official capacity;

and RAMIRO SANCHEZ, PhD, in his official capacity,

Jointly and Severally,

Appellants


V.


GRACIELA LUBERTINO, PhD, Appellee






On Appeal from the 80th District Court 

Harris County, Texas

Trial Court Cause No. 2000-43299 





O P I N I O N


 In this accelerated appeal, appellants, the University of Houston System, the
University of Houston-Clear Lake, Dr. Charles W. McKay, and Dr. Ramiro Sanchez
(collectively, "UHCL"), appeal the trial court's interlocutory order denying its plea
to the jurisdiction. Appellants contend the appellee, Dr. Graciela Lubertino, failed
to properly exhaust her administrative remedies before filing her whistleblower action
in district court. (1) We reverse the trial court's order and render judgment that the trial
court lacks jurisdiction over Lubertino's suit. 

Facts

 From June 1996 through August 2000, Lubertino was employed by UHCL as
a post-doctoral research fellow under the supervision of Dr. Ramiro Sanchez. In early
2000, Lubertino applied for a faculty position in the UHCL chemistry department. 
Sanchez chaired the committee, which ultimately hired Alexandra McDermott. In
March or April 2000, Lubertino had reported to Katherine Justice, a UHCL human
resources director, that selecting McDermott would violate immigration law and
UHCL policy. Lubertino also reported the potential violations to Charles McKay,
dean of UHCL's School of Natural and Applied Sciences. On April 17, 2000, McKay
advised Lubertino that she had not been selected by the hiring committee. 

 On May 25, 2000, Sanchez informed Lubertino that her employment as a post-doctoral research fellow would be terminated effective August 31, 2000. Lubertino
immediately informed Justice that she believed her termination was a retaliatory
strike for reporting hiring violations. On May 26, 2000, Justice denied Lubertino's
allegation, and told her the dismissal resulted from a lack of UHCL funds. On July
24, 2000, Lubertino gave formal written notice of her whistleblower claim to UHCL. 
In the notice, Lubertino requested a grievance hearing from UHCL and UHCL
procedural guidelines governing her grievance. UHCL complied with Lubertino's
request for a specific grievance form, which she completed and submitted to UHCL
on August 10, 2000. The UHCL grievance committee rejected Lubertino's claim on
February 8, 2001. 

 On August 25, 2000, 15 days after she submitted her grievance form, Lubertino
filed suit against UHCL. Lubertino alleged that UHCL violated the Texas
Whistleblower Act (2) by terminating her employment because she had reported in good
faith what she believed to be violations of immigration law and UHCL policy. UHCL
challenged the trial court's jurisdiction by filing a plea to the jurisdiction, which the
trial court denied on September 13, 2001. The trial court's order denying the plea
stated that UHCL's arguments were properly brought by a motion for summary
judgment, not a plea to the jurisdiction. After UHCL filed this appeal, we granted
UHCL's motion to abate pending the outcome of UHCL's motion for summary
judgment. On February 18, 2002, the trial court denied UHCL's motion for summary
judgment, and we reinstated the appeal. 

Law and Analysis


 Can UHCL Pursue an Interlocutory Appeal?


 Lubertino argues that the failure to initiate a grievance timely under section
554.006 of the Whistleblower Act (3) is not jurisdictional and can only be raised by
motion for summary judgment. Lubertino requests that we dismiss UHCL's appeal
for lack of jurisdiction because we have no jurisdiction over the denial of UHCL's
summary judgment motion. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a). 
This Court has recently held, however, that the limitations provisions of the
Whistleblower Act are jurisdictional. Texas Southern Univ. v. Carter, No. 01-01-00655-CV, slip op. at 4 (Tex App.--Houston [1st Dist.] Aug. 22, 2002, no pet.). 
Because UHCL properly challenged the trial court's jurisdiction by filing its plea to
the jurisdiction, this Court has jurisdiction to consider UHCL's appeal pursuant to
section 51.014(a)(8) of the Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8). 


 Did Lubertino adhere to the limitations provisions of the Whistleblower
Act?



 Because the limitations provisions of the Whistleblower Act are jurisdictional, 
plaintiffs must adhere to them to confer jurisdiction upon a trial court. See, e.g., City
of San Antonio v. Marin, 19 S.W.3d 438, 439 (Tex. App.--San Antonio 2000, no
writ). UHCL contends Lubertino failed to comply with the limitations provisions of
the Act (4) which deprived the trial court of jurisdiction over her suit. In this appeal,
UHCL has conceded that Lubertino initiated her grievance procedure on May 25,
2000, the date she was informed she would be terminated. Thus, we must determine
whether Lubertino violated section 554.006 of the Whistleblower Act when she filed
suit against UHCL on August 25, 2000. If so, the trial court had no jurisdiction over
Lubertino's suit. 

 Under section 554.006, if the governmental entity has not rendered a final
decision before the 61st day after the date grievance procedures are initiated, then an
employee may elect to either exhaust or terminate his or her grievance before filing
suit. Tex. Gov't Code Ann. § 554.006(d). If an employee elects to exhaust, then
suit cannot be filed later than the 30th day after exhaustion. Id. 

 In this case, Lubertino did not comply with the limitations provisions in section
554.006. Lubertino elected to exhaust the grievance procedures when she submitted
a formal grievance complaint 77 days after initiating her grievance. Once Lubertino
elected to exhaust her grievance, she could not file suit before exhaustion unless she
made an election to terminate her grievance. However, Lubertino never elected to
terminate her grievance, but instead attempted to pursue her grievance and lawsuit
simultaneously. Because section 554.006 expressly forbids such simultaneous
actions, Lubertino did not comply with the limitations provisions of the Act.

 Lubertino contends an employee under section 554.006 need not elect between
exhaustion and termination. Section 554.006 states, "If a final decision is not
rendered before the 61st day . . . the employee may elect to . . . exhaust . . . or . . .
terminate procedures." Id. (Emphasis added). Because the legislature chose to use
the word "may," Lubertino argues that an election is not mandatory and that she was
free to file suit at any time beyond the 60-day waiting period. 

 Lubertino's argument fails to give effect to the legislative intent behind section
554.006. Although we must, when possible, discern legislative intent from the plain
meaning of the words used in the statute, we may not so rigidly interpret a statute so
as to render certain sections of that statute mere surplusage. See Chevron Corp. v.
Redmon, 745 S.W.2d 314, 316 (Tex. 1987). Additionally, in determining legislative
intent, we must examine the statute as a whole, and not consider provisions in
isolation. See id. 

 Section 554.006 was amended in 1995. The former version of section 554.006
required an employee to exhaust any applicable grievance procedures before filing
suit. See Act of May 22, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws
583, 610 (amended 1995) (current version at Tex. Gov't Code Ann. § 554.006
(Vernon Supp. 2002)). The former version also provided, in subsection (d), that
section 554.006 did not apply "if a final decision is not rendered before the 31st day
after the . . . employee initiated the grievance or appeal." See id. The 1995
amendments extended the 30-day waiting period to 60 days. Tex. Gov't Code Ann.
§ 554.006(d). In addition, and most importantly for our analysis, the amendments
added the election provision to subsection (d), which allow an employee to either
exhaust or terminate his or her grievance before filing suit. Both of these
amendments were enacted to facilitate the original purpose behind section 554.006: 
to afford an accused employer the opportunity to correct its errors by resolving
disputes before being subjected to litigation. See Marin, 19 S.W.3d at 441 (citing
Gregg County v. Farrar, 933 S.W.2d 769, 776 (Tex. App.--Austin 1996, no writ)). 

 Lubertino asks us to adopt an interpretation of section 554.006 that would
render the election provision in subsection (d) meaningless. It is unlikely that many
employees will elect between administrative and legal remedies if both are available. 
That the Legislature amended section 554.006(d) to include an election provision
displays its intent to force employees to elect a course of action after the 60-day
waiting period expires. This amendment fulfills the purpose behind section 554.006,
and allows employers further opportunities to correct their errors before being
subjected to the expense and effort of litigation. To take the Legislature's inclusion
of an election provision to mean that an employee may elect not to elect between
administrative and legal remedies is counterintuitive at best and would render the
election provision superfluous while abdicating the purpose of section 554.006. See,
e.g., Marin, 19 S.W.2d at 441.

 We will not decide the scope or meaning of statutory language by a bloodless
literalism in which text is viewed as if it had no context. West Anderson Plaza v.
Feyznia, 876 S.W.2d 528, 532 (Tex. App.--Austin 1994, no writ). The Legislature
amended section 554.006(d) by adding an election provision. We cannot presume the
Legislature enacted this provision with the intent or expectation that employees be
free to ignore it. Thus, Lubertino did not comply with section 554.006(d) when she
elected to exhaust her administrative remedy and filed suit before exhaustion. Conclusion

 Because Lubertino failed to satisfy the mandatory statutory prerequisites to
filing suit under the Whistleblower Act, the trial court lacked jurisdiction over her
case. Accordingly, we reverse the trial court's order and render judgment that this
case be dismissed for lack of jurisdiction. 














 Elsa Alcala


 Justice


Panel consists of Justices Taft, Alcala, and Price. (5)


Publish. Tex. R. App. P. 47.4.


1. A governmental unit may appeal an interlocutory order that grants or denies a
plea to the jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon Supp. 2002). 
2. See Tex. Gov't. Code Ann. § § 554.001-554.010 (Vernon 1994 & Supp.
2002).
3. See Tex. Gov't Code Ann. § 554.006 (Vernon Supp. 2002).
4. The Whistleblower Act provides the following limitations provisions:


 (a) A public employee must initiate action under the grievance or appeal
procedures of the employing state or local government entity relating to
suspension or termination of employment or adverse personnel action before
suing under this chapter.


 (b) The employee must invoke the applicable grievance or appeal
procedures not later than the 90th day after the date on which the alleged
violation of this chapter:


 (1) occurred; or


 (2) was discovered by the employee through reasonable diligence.


 (c) Time used by the employee in acting under the grievance or appeal
procedures is excluded, except as provided by Subsection (d), from the
period established by Section 554.005.


 (d) If a final decision is not rendered before the 61st day after the date
procedures are initiated under Subsection (a), the employee may elect to:


 (1) exhaust the applicable procedures under Subsection (a), in which
event the employee must sue not later than the 30th day after the date
those procedures are exhausted to obtain relief under this chapter; or


 (2) terminate procedures under Subsection (a), in which event the
employee must sue within the time remaining under Section 554.005 to
obtain relief under this chapter.


 Tex. Gov't Code Ann. § 554.006 (Vernon Supp. 2002).

 

 Except as provided by Section 554.006, a public employee who seeks
relief under this chapter must sue not later than the 90th day after the date
on which the alleged violation of this chapter:


 (1) occurred; or


 (2) was discovered by the employee through reasonable diligence.


 Tex. Gov't Code Ann. § 554.005 (Vernon Supp. 2002).
5. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.