Opinion issued August 22, 2003







            

  








In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00288-CV
____________
 
HARRIS COUNTY, Appellant
 
V.
 
CHRISTOPHER LAWSON, Appellee
 

 
 
On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2000-47573
 

 
 
EN BANC OPINION
          Appellant, Harris County (the County), challenges the trial court’s interlocutory
order denying the County’s plea to the jurisdiction.


 In its sole issue, the County
contends that the trial court lacked jurisdiction over this “Whistleblower” lawsuit


 
filed by appellee, Christopher Lawson, because Lawson did not comply with the
applicable statutory requirements.
          This Court has previously held that a plaintiff failed to satisfy the statutory
prerequisites to filing suit under the Whistleblower Act when she “elected to exhaust
her administrative remedy and filed suit before exhaustion.” Univ. of Houston Sys.
v. Lubertino, 95 S.W.3d 423, 428 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
We reasoned that “Lubertino elected to exhaust the grievance procedures when she
submitted a formal grievance complaint” and that she could not “pursue her
grievance and lawsuit simultaneously.” Id. at 427 (emphasis added). We thus
concluded that the trial court had no jurisdiction over Lubertino’s suit. Id. En banc
consideration was requested and granted to address the above holding and reasoning
in Lubertino. Today, for the reasons discussed below, the En Banc Court, after
careful and deliberate consideration, overrules Lubertino.
          We affirm.
Facts and Procedural Background
          On May 19, 2000, Lawson was terminated from his job as a jailer at the Harris
County Jail. Harris County Sheriff’s Major K. Berry signed a letter of termination,
stating that Lawson’s employment was terminated because Lawson, among other
things, failed to properly perform assigned duties, failed to obey lawful orders, was
insubordinate, and engaged in unprofessional and improper conduct. Lawson timely
appealed his termination to the Harris County Sheriff, who, on June 29, 2000, upheld
the termination of employment.



          On July 6, 2000, Lawson timely appealed his termination to the Civil Service
Commission. On September 19, 2000, while that administrative proceeding was still
pending, Lawson subsequently filed a Whistleblower lawsuit against the County,
alleging that his termination was a direct result of concerns that Lawson had
expressed to his superiors and to the Texas Commission on Jail Standards regarding
staffing shortages and surveillance problems at the Harris County jail facility. The
County answered Lawson’s lawsuit and alleged that Lawson’s termination was
unrelated to his reports of staffing and surveillance problems, and that Lawson had
not exhausted all applicable grievance procedures before filing his lawsuit.
          On April 3, 2001, following an administrative hearing at which the parties were
represented by counsel, the Civil Service Commission upheld Lawson’s termination. 
On January 18, 2002, the County filed a plea to the jurisdiction, which was denied by
the trial court.
          Plea to the Jurisdiction
          In its sole issue, the County argues that the trial court lacked jurisdiction over
Lawson’s Whistleblower lawsuit because Lawson failed to either exhaust or abandon
his administrative grievance proceeding before filing suit.
          As a general rule, political subdivisions of the State, such as the County, are
immune from tort liability based on the doctrine of governmental immunity. Travis
v. City of Mesquite, 830 S.W.2d 94, 104 (Tex. 1992); Taub v. Harris County Flood
Control Dist., 76 S.W.3d 406, 409 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
A governmental entity may contest a trial court’s authority to determine the subject
matter of the cause of action by filing a plea to the jurisdiction. Reyes v. City of
Houston, 4 S.W.3d 459, 461 (Tex. App.—Houston [1st Dist.] 1999, pet. denied). 
When reviewing a trial court’s decision on a plea to the jurisdiction, we consider the
facts alleged by the plaintiff and, to the extent relevant to the jurisdictional issues, any
evidence submitted by the parties. Tex. Natural Res. Conservation Comm’n v. White,
46 S.W.3d 864, 868 (Tex. 2001).
          Subject matter jurisdiction is a question of law and cannot be waived. Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993); Taub, 76
S.W.3d at 409. In the absence of a waiver of governmental immunity, a court has no
jurisdiction to entertain a suit against a governmental unit. Tex. Dep’t of Transp. v.
Jones, 8 S.W.3d 636, 638 (Tex. 1999). When a trial court learns that it lacks
jurisdiction to hear a cause, the court must dismiss the cause and refrain from
rendering a judgment on the merits. Li v. Univ. of Tex. Health Sci. Ctr., 984 S.W.2d
647, 654 (Tex. App.—Houston [14th Dist.] 1998, writ denied).
Whistleblower Act
          Under the Texas Whistleblower Act, a local government entity may not
suspend or terminate the employment of a public employee based on the employee’s
good faith report of a violation of law by the employing governmental entity to an
appropriate law enforcement authority. Tex. Gov’t Code Ann. § 554.002 (Vernon
Supp. 2003). A public employee whose employment is suspended or terminated or
who is subjected to an adverse personnel action in violation of section 554.002 “is
entitled to sue” for injunctive relief, actual damages, court costs, and reasonable
attorney fees. Id. § 554.003(a) (Vernon Supp. 2003). Also, a public employee whose
employment is suspended or terminated in violation of the Act “is entitled to”
reinstatement to the employee’s former position or an equivalent position,
compensation for wages lost during the period of suspension or termination, and
reinstatement of fringe benefits and seniority rights lost because of the suspension or
termination. Id. § 554.003(b) (Vernon Supp. 2003).
          In its “Waiver of Immunity” provision, the Act provides for a waiver of 
immunity from suit and immunity from liability as follows:
A public employee who alleges a violation of this chapter may sue the
employing state or local government entity for the relief provided by this
chapter. Sovereign immunity is waived and abolished to the extent of
liability for the relief allowed under this chapter for a violation of this
chapter.

Id. § 554.0035 (Vernon Supp. 2003) (emphasis added).
          The Whistleblower Act is designed to enhance openness in government and
compel the government’s compliance with law by protecting those who inform
authorities of wrongdoing. Castaneda v. Tex. Dep’t of Agriculture, 831 S.W.2d 501,
503 (Tex. App.—Corpus Christi 1992, writ denied); Davis v. Ector County, 40 F.3d
777, 785 (5th Cir. 1994). The Act evidences two legislative purposes: (1) to protect
public employees from retaliation by their employer when, in good faith, employees
report a violation of the law, and (2) in consequence, to secure lawful conduct on the
part of those who direct and conduct the affairs of public bodies. Travis County v.
Colunga, 753 S.W.2d 716, 718-19 (Tex. App.—Austin 1988, writ denied). Because
the Act is remedial in nature, it should be liberally construed to effect its purpose. 
Castaneda, 831 S.W.2d at 503; Davis, 40 F.3d at 785.
          Section 554.006 of the Act provides as follows:
(a)A public employee must initiate action under the grievance or
appeal procedures of the employing state or local government
entity relating to suspension or termination of employment or
adverse personnel action before suing under this chapter.
 
(b)The employee must invoke the applicable grievance or appeal
procedures not later than the 90th day after the date on which the
alleged violation of this chapter:
 
(1)occurred; or
 
(2)was discovered by the employee through reasonable
diligence.
 
(c)Time used by the employee in acting under the grievance or
appeal procedures is excluded, except as provided by Subsection
(d), from the period established by Section 554.005.
 
(d)If a final decision is not rendered before the 61st day after the
date procedures are initiated under Subsection (a), the employee
may elect to:
 
(1)exhaust the applicable procedures under Subsection (a), in
which event the employee must sue not later than the 30th
day after the date those procedures are exhausted to obtain
relief under this chapter; or
 
(2)terminate the procedures under Subsection (a), in which
event the employee must sue within the time remaining
under Section 554.005 to obtain relief under this chapter.

Tex. Gov’t Code Ann. § 554.006 (Vernon Supp. 2003) (emphasis added).
          Here, the parties do not dispute that Lawson timely initiated his grievance
proceeding and timely appealed the decision of the Sheriff’s Department to uphold
his termination to the Civil Service Commission, thus fulfilling the requirements of
sections 554.006(a) and (b). Id. Rather, the County argues that, under section
554.006(d), prior to filing a lawsuit, a public employee, in order to invoke the
jurisdiction of a district court, must elect either to wait until the grievance proceeding
is concluded or abandon the grievance proceeding. The County contends that,
because Lawson did not wait until his grievance proceeding was concluded, or
alternatively, did not formally abandon his grievance proceeding before filing suit,
the trial court lacked jurisdiction over this case.
          This court has held that “the statutory prerequisite that a plaintiff in a
Whistleblower action timely initiate a grievance is a jurisdictional requirement, the
failure of which may be challenged by way of a plea to the jurisdiction.” Tex. S.
Univ. v. Carter, 84 S.W.3d 787,792 (Tex. App.—Houston [1st Dist.] 2002, no pet.)
(emphasis added); City of Houston v. Cotton, 31 S.W.3d 823, 824-25 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied); Univ. of Tex. Med. Branch v. Hohman,
6 S.W.3d 767, 774 (Tex. App.—Houston [1st Dist.] 1999, pet. dism’d w.o.j.). In
regard to this holding, it is important to note that subsection (a) expressly requires
that a public employee “must initiate action” under the appropriate grievance or
appeal procedures “before suing under this chapter.” Tex. Gov’t Code Ann. §
554.006(a). Also, subsection (b) expressly requires that the public employee “must
invoke” the appropriate procedures before the 90th day on which the alleged violation
occurred or was discovered by the employee with reasonable diligence. Id. §
554.006(b). Thus, in all three cases, this court held that the plaintiffs timely initiated
their grievances under subsections (a) and (b) of section 554.006. Carter, 84 S.W.3d
at 793; Cotton, 31 S.W.3d at 825; Hohman, 6 S.W.3d at 775.
          In Carter, this Court specifically addressed the question of whether the Texas
Supreme Court’s holding in Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 76 (Tex.
2000), effectively overruled our holding in Hohman. Carter, 84 S.W.3d at 791. We
noted that the key distinction between Kazi and Hohman was that Kazi was a
wrongful death case, and, that there is no common law Whistleblower cause of action.
Id. Moreover, we noted that a trial court has no constitutional jurisdiction in a suit
against the State, absent a waiver of governmental immunity:
In sum, the Whistleblower Act creates the cause of action sued upon,
provides procedural prerequisites for filing suit, and then waives
sovereign immunity from suit once those requirements have been met.
The trial court has no subject matter jurisdiction over the suit unless the
State’s sovereign immunity from suit is waived, and the State’s
sovereign immunity from suit is not waived unless the statutory
prerequisites for filing suit have been met. As such, this case is
distinguishable from Kazi, in which sovereign immunity was not an
issue.

Id. at 792. As noted above, the Whistleblower Act waives governmental immunity
“to the extent of liability for the relief allowed under this chapter.” Tex. Gov’t Code
Ann. § 554.0035. If a plaintiff has no right to relief under the statute because the
statutory prerequisites have not been met, then there is no waiver of governmental
immunity and the trial court has no jurisdiction. Carter, 84 S.W.3d at 792.
          Thus, we concluded that Kazi did not overrule our holding in Hohman and that
the statutory prerequisite that a plaintiff “must initiate” a grievance “before suing” is
a jurisdictional requirement. Id. at 792.



          Here, the County, in effect, asks us to extend this holding. The County argues
that the trial court in this case had no jurisdiction because Lawson did not abandon
his grievance proceeding or wait until his grievance proceeding was concluded before
filing suit. The County relies chiefly on three cases to support its argument: Johnson
v. City of Dublin, 46 S.W.3d 401, 405 (Tex. App.—Eastland 2001, pet. denied);
Castleberry Indep. Sch. Dist. v. Doe, 35 S.W.3d 777, 780-82 (Tex. App.—Fort Worth
2001, pet. dism’d w.o.j.); and City of San Antonio v. Marin, 19 S.W.3d 438, 441 (Tex.
App.—San Antonio 2000, no pet.). We find these cases inapplicable for the
following reasons.
          In Marin, the court of appeals held that two municipal employees violated
“both the spirit and the letter” of the Whistleblower Act by filing their lawsuit within
two days of initiating their grievance proceeding. Marin, 19 S.W.3d at 438. The
court of appeals held that the trial court lacked jurisdiction over the case because the
employees failed to satisfy the mandatory statutory requirements to filing suit, and the
court observed that, “[w]hile exhaustion is not required, an employee is required to
initiate the grievance procedure and give the employer an opportunity to reach a final
decision within 60 days.” Id. Here, the parties agree that, after initiating his
grievance proceeding, Lawson waited more than 60 days to file his lawsuit.
          Following Marin, the court of appeals in Johnson affirmed the trial court’s
grant of a plea to the jurisdiction, holding that a municipal police chief “failed to
initiate action” under the municipality’s grievance procedure and thus did not satisfy
the mandatory statutory prerequisites to filing suit under the Act. Johnson, 46 S.W.3d
at 405.
          The court of appeals in Castleberry addressed the issue of whether the 90-day
period in which an employee must file suit for a violation of the Act is tolled during
the pendency of the employee’s grievance proceeding. Castleberry, 35 S.W.3d at
781-82; see Tex. Gov’t Code Ann. § 554.005. In holding that the 90-day limitations
period was tolled, the court of appeals observed that, if an employer does not reach
a final decision within 60 days, “the employee is no longer required to exhaust the
available grievance procedures, but may file suit within the remaining time.” 
Castleberry, 35 S.W.3d at 782 (emphasis added).
          The cases relied on by the County do not address the question of whether, prior
to filing a Whistleblower lawsuit, a public employee, in order to invoke the
jurisdiction of a district court, must elect either to (1) exhaust the appropriate
grievance proceeding and wait to file suit within 30 days of the final resolution of that
proceeding, or (2) formally abandon the grievance proceeding and file suit within the
remaining portion of the 90-day limitations period. Thus, we find these authorities
inapplicable.
          As we noted in Hohman, “[u]nder the Whistleblower Act, the legislature
intended that the governmental entity be afforded the opportunity to correct its errors
by resolving disputes before facing litigation.” 6 S.W.3d at 774 (citing Gregg County
v. Farrar, 933 S.W.2d 769, 775 (Tex. App.—Austin 1996, writ denied)). Although
it is well-established that governmental entities should be afforded an opportunity to
remedy their errors before facing a lawsuit, there is no requirement that governmental
entities be given an unlimited opportunity to do so. Here, Lawson’s administrative
appeal of the decision of the Sheriff’s Department to uphold his termination was not
ruled on for nearly nine months.
          In fact, the County’s argument is in direct conflict with the express language
of section 554.006 and ignores its history. Section 554.006 was previously entitled
“Exhaustion of Grievance or Appeal Procedures” and expressly stated that a public 
employee “must exhaust that government’s grievance or appeals procedures . . .
before suing under this chapter.” Act of May 22, 1993, 73rd Leg., R.S., ch 268, § 1,
1993 Tex. Gen. Laws 583, 610 (amended 1995) (current version at Tex. Gov’t Code
Ann. § 554.006) (emphasis added). An employee had to “invoke the grievance or
appeal procedures not later than the 90th day after the date on which the alleged
violation” occurred or was discovered. Id. Subsection (d) of the former version of
section 554.006 noted that section 554.006 did not apply “if a final decision is not
rendered before the 31st day after the date on which the employee initiated the
grievance or appeal.” Id.
          The Legislature amended section 554.006, effective June 1995, changing its
title from “Exhaustion of Grievance or Appeal Procedures” to “Use of Grievance or
Appeal Procedures.” Tex. Gov’t Code Ann. § 554.006. The language of section
554.006, as it now reads, expressly states that “before suing under this chapter,” an
employee “must initiate action under the grievance or appeal procedures of the
employing state or local government entity relating to suspension or termination of
employment or adverse personnel action.” Id. § 554.006(a) (emphasis added). The
employee “must invoke the applicable grievance or appeal procedures not later than
the 90th day after the date on which the alleged violation” occurred or was discovered
by the employee. Id. § 554.006(b) (emphasis added).
          The Legislature, by amending section 554.006 and changing its title, in clear
and direct language, dropped the requirement that an employee “must exhaust [a]
government’s grievance or appeals procedures . . . before suing” from the
Whistleblower Act. The amendments also increased the time period for the rendition
of a final decision on a grievance or appeal from 30 days to 60 days. This effectively
gives governmental entities an additional 30 days to resolve their disputes with
employees before being subjected to a lawsuit. See Castleberry, 35 S.W.3d at 782
(“Under the current statute, the employer has 60 days in which to reach a final
decision. If one is not reached within that time period then the employee is no longer
required to exhaust the available grievance procedures, but may file suit within the
remaining time.”).
          The Whistleblower Act now provides that a public employee, after waiting 60
days for a final decision on their grievance or appeal, “may elect” to “exhaust the
applicable procedures” or “terminate [the] procedures.” Tex. Gov’t Code Ann. §
554.006(d) (emphasis added). There is no requirement in the plain language of the
statute that an employee “must” elect either option. Id. Subsection (d) does not
require a Whistleblower plaintiff to make his choice at any specific time or in any
specific fashion. Moreover, it in no way precludes an employee from filing suit at
anytime after waiting 60 days for a final decision, provided that the suit is filed within
the statutory limitations period.
          As noted above, a Whistleblower plaintiff no longer has to “exhaust” grievance
or appeals procedures to bring suit against a governmental entity. Instead, subsection
(d) now gives Whistleblower plaintiffs the choice of exhausting those procedures or,
after waiting 60 days for a final decision, filing a lawsuit. Id. Accordingly, we hold
that a public employee, as statutory prerequisites to filing a Whistleblower lawsuit,
must (1) timely initiate the governmental entity’s grievance or appeal procedures and,
then, (2) give the governmental entity at least 60 days to reach a final decision on the
grievance or appeal.



          Here, the record indicates that Lawson complied with these requirements.
Lawson was terminated from his job as a jailer on May 19, 2000, and he timely
appealed his termination to the Harris County Sheriff, which, on June 29, 2000,
upheld the termination of employment. Lawson then timely appealed his termination
to the Civil Service Commission. On September 19, 2000, while that administrative
proceeding was still pending, Lawson subsequently filed his Whistleblower lawsuit
against the County. Although Lawson did not formally terminate his appeal to the
Civil Service Commission, he gave the County, as he was required to by section
554.006 (d), its opportunity to redress his grievance before he filed suit.


 Moreover,
Lawson, by continuing to participate in the grievance and appeal process long after
he was required to, actually gave the County more time to redress his grievance than
it was entitled to receive. Lawson complied with both the letter and spirit of section
554.006.
          Because Lawson complied with the statutory prerequisites of section 554.006,
we hold that the trial court had subject-matter jurisdiction over this case and properly
denied the County’s plea to the jurisdiction. This holding is consistent with the
purpose and remedial nature of the Whistleblower Act and the Legislature’s intent to
allow public employees to sue for relief when they have timely initiated grievance
procedures and afforded governmental entities the opportunity to correct their errors
by resolving disputes before facing litigation.
          In reaching our holding, we must also address this Court’s previous decision
in University of Houston System v. Lubertino, 95 S.W.3d 423 (Tex. App.—Houston
[1st Dist.] 2002, no pet.). In Lubertino, we held that, “because Lubertino failed to
satisfy the mandatory statutory prerequisites to filing suit under the Whistleblower
Act, the trial court lacked jurisdiction.” Id. at 428. We noted that the defendant
“conceded” that Lubertino timely initiated the appropriate grievance procedure and
we reasoned as follows:
Lubertino elected to exhaust the grievance procedures when she
submitted a formal grievance complaint 77 days after initiating her
grievance. Once Lubertino elected to exhaust her grievance, she could
not file suit before exhaustion unless she made an election to terminate
her grievance. However, Lubertino never elected to terminate her
grievance, but instead attempted to pursue her grievance and lawsuit
simultaneously. Because section 554.006 expressly forbids such
simultaneous actions, Lubertino did not comply with the limitations
provisions of the Act.

Id. at 426-27.
          However, a public employee does not “elect” to “exhaust the grievance
procedures” by merely filing a grievance complaint timely, which is required under
subsection (b) of section 554.006. The filing of a lawsuit more than 60 days after
initiating a grievance, should make a public employee’s election readily apparent. 
Also, as noted above, the 1995 amendments to section 554.006 dropped the
requirement that a public employee “must exhaust that government’s grievance or
appeals procedures” before filing suit. Moreover, section 554.006 does not “forbid”
a public employee from participating in a government entity’s grievance process after
filing suit. We cannot read subsection 554.006(d), which states that a public
employee “may elect” to terminate or exhaust grievance or appeals procedures, as
requiring a public employee, in order to invoke the jurisdiction of a district court, to
formally terminate or to exhaust such procedures if a final decision is not rendered
after 60 days.
          Thus, we further hold that a public employee’s continued participation in a
governmental entity’s grievance or appeal procedures, after the employee has timely
initiated his grievance, waited 60 days for a final decision, and timely filed suit, does
not deprive a trial court of subject-matter jurisdiction over the case. To hold
otherwise would be inconsistent with the plain language of section 554.006, the
remedial nature of the Whistleblower Act, and the intent of the Legislature. In fact,
such a holding would actually encourage public employees to drop any attempt at
resolution of their disputes and simply file suit after timely initiating the
governmental entity’s grievance or appeal procedure and waiting 60 days for a final
decision. Accordingly, we overrule Lubertino.
 
          Conclusion
          Having held that the trial court did not err in denying the County’s plea to the
jurisdiction, we overrule the County’s sole issue.
          We affirm the order of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.

En banc consideration was requested on the Court’s motion. Tex. R. App. P. 41.2(c).

A majority of the Court voted in favor of en banc consideration of the case.

The en banc Court consists of Chief Justice Radack and Justices Hedges, Taft,
Nuchia, Jennings, Keyes, Alcala, Hanks, and Higley.

Justice Jennings, writing for the majority of the en banc Court, joined by Chief Justice
Radack and Justices Hedges, Nuchia, and Hanks.

Justice Alcala, dissenting, joined by Justices Taft, Keyes, and Higley.