David ANDERS, Appellant,

v.

WESLACO INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 13–97–253–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 11, 1997.

Rehearing Overruled Feb. 12, 1998.

Dohn Stuart Larson, Austin, Patrick Russell, Brownsville, Keith C. Livesay, McAllen, for appellant.

Bridget Ranee Robinson, Eric W. Schulze, Walsh, Anderson, Underwood, Schulze & Aldridge, Austin, for appellee.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

David Anders, plaintiff below, appeals from the granting of a take-nothing summary judgment in favor of Weslaco Independent School District ("Weslaco"), defendant below, in Anders's "Whistlebower Act" [1] suit against Weslaco. We affirm.

### SUMMARY OF FACTS

Anders is a public schoolteacher employed by Weslaco, who had teaching and coaching responsibilities in 1992. Anders suspected that Weslaco was in violation of regulations pertaining to school athletic programs, and he reported his suspicions to the University Interscholastic League in August 1992. Weslaco's first alleged violation of the Whistleblower Act occurred on April 28, 1993, when Anders was relieved of his coaching duties. *See* TEX. GOV'T CODE ANN. § 554.002 (Vernon 1994 & Supp.1997).

By May 5, 1993, Anders had initiated Weslaco's three-tiered in-house grievance procedure. Between the second and third phases of the grievance proceedings, attorneys for the Texas Classroom Teachers Association ("TCTA") began representing Anders. TCTA's attorneys have continued to represent Anders throughout the administrative and judicial processes, including the instant appeal.

Also during the pendency of the grievance proceedings, Weslaco committed its last arguable Whistleblower Act violation by assigning Anders to teach at a different Weslaco campus. The re-assignment had occurred by July 31, 1993.

Weslaco's final disposition of the grievance, which was unfavorable to Anders, was rendered on September 10, 1993—approximately four months and 5 days subsequent to Anders's initiation of Weslaco's grievance procedures. Anders did not appeal Weslaco's disposition of the grievance to higher administrative tribunals. On December 7, 1993, Anders filed his original petition against Weslaco—approximately 132 days after Weslaco's last arguable Whistleblower Act violation occurred on July 31, 1993.

After conducting discovery, Weslaco filed its motion for summary judgment on November 6, 1995, based on its argument that Anders had not filed suit within the appropriate limitations period. *See* TEX. GOV'T CODE ANN. §§ 554.005, 554.006 (Vernon 1994 & Supp. 1997). The motion was to be determined without a hearing. On February 28, 1996, the trial court notified counsel of its intent to deny Weslaco's motion. On April 1, 1996, Weslaco filed its motion to reconsider its motion for summary judgment, and a hearing was set for December 17, 1996. On January 15, 1997, the trial court granted Weslaco's motion for take-nothing summary judgment. This appeal ensued.

On appeal, Anders raises a single point of error: "The trial court erred in dismissing Anders'[s] suit on the basis that he filed the suit beyond the applicable limitations period."

### DISCUSSION

■ Our analysis of Anders's limitations argument must begin at sections 554.005 and 554.006 of the Texas Government Code. TEX. GOV'T CODE ANN. §§ 554.005, 554.006 (Vernon 1994 & Supp.1997). Section 554.006 was amended by the legislature in 1995. Act of June 15, 1995, 74th Leg., R.S., ch. 721, § 6, 1995 Tex. Gen. Laws 3812, 3813–14. However, the amendment to section 554.006 does not apply to the instant case. Act of June 15, 1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws at 3814–15. Accordingly, we apply section 554.006 as it existed prior to the 1995 amendments. TEX. GOV'T CODE ANN. § 554.006 (Vernon 1994); *see* Act of June 15,

---

1. TEX. GOV'T CODE ANN. §§ 554.001, *et seq.* (Vernon 1994 & Supp.1997).

1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws at 3814–15. Section 554.005 has not been amended since the occurrence of events giving rise to the instant suit. *See* TEX. GOV'T CODE ANN. § 554.005 (Vernon 1994).

The text of the dispositive statutory provisions is as follows:

§ 554.005. Limitation Period.

Except as provided by Section 554.006, a public employee who seeks relief under this chapter must sue not later than the *90th day* after the date on which the alleged violation of this chapter:

(1) occurred; or

(2) was discovered by the employee through reasonable diligence.

§ 554.006. Exhaustion of Grievance or Appeal Procedures.

(a) An employee of a local government must exhaust that government's grievance or appeal procedures relating to suspension or termination or unlawful discrimination before suing under this chapter.

(b) The employee must invoke the grievance or appeal procedures not later than the 90th day after the date on which the alleged violation of this chapter:

(1) occurred; or

(2) was discovered through reasonable diligence.

(c) Time used by the employee in exhausting the grievance or appeal procedures is excluded from the period established by Section 554.005.

(d) This section does not apply if a final decision is not rendered before the 31st day after the date on which the employee initiated the grievance or appeal.

TEX. GOV'T CODE ANN. §§ 554.005, 554.006 (Vernon 1994) (Emphasis added).

Anders agrees that the foregoing statutes control the disposition of his case. Further, he does not argue that "discovery rule" provisions of the statutes are applicable to his case. *See* TEX. GOV'T CODE ANN. §§ 554.005(2), 554.006(b)(2) (Vernon 1994). He and Weslaco differ only as to how the statutes should be applied.

When an employee invokes the appropriate grievance procedure and obtains a final administrative disposition within thirty-one days of invoking the procedure, the limitations period is tolled under the Whistleblower Act. TEX. GOV'T CODE ANN. § 554.006(a)-(c) (Vernon 1994). The Whistleblower Act requires suit to be filed not later then the ninetieth day after the date of the alleged violation, excluding time spent exhausting the grievance procedure. TEX. GOV'T CODE ANN. §§ 554.005, 554.006(a)-(c) (Vernon 1994). Exhaustion of administrative remedies, however, is not required if the employer fails to render a final decision before the thirty-first day after the grievance is initiated. TEX. GOV'T CODE ANN. § 554.006(d) (Vernon 1994).

■ A suit under the Whistleblower Act must, therefore, be filed no later than 120 days following the Whistleblower Act violation. TEX. GOV'T CODE ANN. §§ 554.005, 554.006 (Vernon 1994); *Turner v. Richardson Indep. School Dist.*, 885 S.W.2d 553, 560 (Tex.App.—Dallas 1994, writ denied); *Hockaday v. T.D.C.J.*, 914 F.Supp. 1439, 1444 (S.D.Tex.1996); *see also Beiser v. Tomball Hosp. Authority*, 902 S.W.2d 721, 724–25 (Tex.App.—Houston [1st Dist.] 1995, writ denied) (citing HOUSE COMM. ON LABOR AND EMPLOYMENT RELATIONS, BILL ANALYSIS, H.B. 1405, 71st Leg., R.S. (1989)). The cases cited in support of this proposition are the only published jurisprudence to have addressed this issue.

It is undisputed that Anders filed suit 132 days after Weslaco's last arguable Whistleblower Act violation. Thus, Anders was clearly outside of his 120–day window of opportunity for filing suit on December 7, 1993, when he filed his original petition against Weslaco. Anders has, however, advanced several arguments, all of which are nondispositive, as to why the Whistleblower Act limitations period should not bar his suit against Weslaco.

First, Anders contends that section 554.006 presented a "catch 22" in his case, as, he argues, subsections (a) and (d) of section 554.006 are irreconcilable, creating "ambiguity and uncertainty." We disagree. In our view, and based on the literal statutory text,

section 554.006 is unambiguous, and its provisions are not contradictory of each other.

■ We note that "[i]t is a cardinal rule of statutory construction that all sections, words and phrases of an entire act must be considered together[.]" *Black v. American Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex. 1972). Every provision should be construed with every other portion to produce a harmonious whole, and one provision will not be given a meaning out of harmony or inconsistent with other provisions, although it might be susceptible of such construction if standing alone. *Black*, 478 S.W.2d at 437 (citing *Labor Board v. Lion Oil Co.*, 352 U.S. 282, 77 S.Ct. 330, 1 L.Ed.2d 331 (1957)). Further, it is noteworthy that, in the cases of *Beiser*, 902 S.W.2d at 721,*Turner*, 885 S.W.2d at 553, and *Hockaday*, 914 F.Supp. at 1439, the respective courts analyzed section 554.006 without finding the existence of an irreconcilable conflict among subsections (a) and (d). *Turner*, 885 S.W.2d at 560; *Hockaday*, 914 F.Supp. at 1444; *see also Beiser*, 902 S.W.2d at 724–25. We therefore do not agree with Anders's "ambiguity and uncertainty" argument.

Next, Anders advances the theory that the Whistleblower Act is a remedial statute, which, he argues, would excuse our strict application of sections 554.005 and 554.006. However, Anders observes in his brief that "no Texas courts have held that [the Whistleblower Act] is remedial[.]" In support of his argument, Anders analogizes the Whistleblower Act to various other statutory regimes. Nevertheless, and in light of the fact that the provisions of sections 554.005 and 554.006 are explicit and unambiguous, we decline Anders's invitation to expand by implication the Whistleblower Act's provisions beyond its literal text.

Anders also argues that statutory limitations periods do not exist with the "intention" of denying claims. He states that, "[i]n the case at bar, the actual period between the [first] retaliatory act and the filing of the suit was a mere 7.5 months, a reasonable period of time." Thus, Anders contends that the merits of his case warrant our disregard of the applicable statute of limitations.

■ "Of course, no statute of limitations directly addresses the merits of a claim to which it is interposed as a bar." *City of Murphy v. City of Parker*, 932 S.W.2d 479, 482 (Tex.1996). Rather, "limitations rest on a legislative policy judgment that requires the diligent pursuit of one's legal rights at the risk of losing them if they are not timely asserted." *Id.* Put differently, "[l]imitations statutes afford plaintiffs what the legislature deems a reasonable time to present their claims[.]" *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990). Accordingly, because Anders filed suit beyond the statutory limitations period, we are not at liberty to grant relief based on his "reasonable period of time" argument.

Anders next contends that, based on the 1995 amendments to section 554.006, the legislature's policy goals, as manifested in the 1995 amendments, accord with Anders's interpretation of the Whistleblower Act in the present case. *See* TEX. GOV'T CODE ANN. § 554.006 (Supp.1997); Act of June 15, 1995, 74th Leg., R.S., ch. 721, § 6, 1995 Tex. Gen. Laws at 3813–14. However, even if the current version section 554.006 were applicable, it appears that Anders's claim would nevertheless be time-barred. *See* TEX. GOV'T CODE ANN. § 554.006 (Supp.1997). In addition, the legislature clearly made the 1995 amendments prospective in operation. Act of June 15, 1995, 74th Leg., R.S., ch. 721, § 11, 1995 Tex. Gen. Laws at 3814–15. The 1995 amendments to section 554.006 are, therefore, irrelevant.

Finally, Anders argues that public policy and judicial economy favor requiring parties to achieve a final disposition of their claims at the agency level prior to litigation in court. He states in his brief that "[t]he trial court's interpretation of the statute forces parties to give up a grievance process that can resolve claims and go directly to court." Anders urges us to disregard the limitations period on public policy grounds.

We believe, however, that Anders's assertion that "[t]he trial court's interpretation of the statute forces parties to give up a grievance process that can resolve claims and go directly to court" is not entirely accurate. A Whistleblower Act plaintiff could submit his claim to litigation, as required by section 554.006(d), subject, for example, to the defen-

dant's motion to abate pending resolution at the agency level. *See* TEX. GOV'T CODE ANN. § 554.006(d) (Vernon 1994). In any event, public policy and judicial economy are also well-served by requiring the timely presentment of claims, especially when the applicable limitations period is set forth in a comprehensive statutory regime such as the Whistleblower Act.

Unfortunately, this appears to be a case wherein the plaintiff's suit is barred because his attorneys failed to file the lawsuit in time. When TCTA's lawyers became involved in this case, there remained adequate time to comply with the limitations period, as the last arguable Whistleblower Act violation occurred on July 31, 1993. We are unconvinced, for the reasons set forth above, that Anders's attorneys were genuinely confused regarding the meaning of sections 554.005 and 554.006 of the government code. However, even though the failure to file suit within the limitations period appears attributable to TCTA's lawyers, and not Anders personally, we are unable to disregard the controlling law. Neither can we presently resolve Anders's claim, if any, *vis-a-vis* his counsel.

The trial court did not err in granting Weslaco's motion for take-nothing summary judgment. Anders's lone point of error is overruled. The judgment of the trial court is AFFIRMED.