Daniel F. RHODES, Appellant,

v.

CITY OF PLANO, Texas, Appellee.

No. 2-98-246-CV.

Court of Appeals of Texas,
Fort Worth.

April 29, 1999.

William E. Trantham, Denton, for Appellant.

Figari & Davenport, L.L.P., Monica Lynne Luebker, Dallas, for Appellee.

Before Panel F: DAY, LIVINGSTON, and RICHARDS, JJ.

## OPINION

PER CURIAM.

Daniel F. Rhodes appeals from a summary judgment for the City of Plano (the City) in this whistleblower case. In a single point, Rhodes complains that the trial court erred in ruling that his claims are time-barred. We affirm.

Rhodes worked as an identification technician for the Plano Police Department. To support his whistleblower cause of action, he alleged that, while still employed by the police department, he had reported his supervisor's misconduct to the Collin County District Attorney. As a result of this report, Rhodes alleged that he had been improperly reprimanded and that false disciplinary reports had been placed in and remained in his file.

### Waiver

Rhodes filed a grievance against the City in December 1994. He resigned from the police department in March 1995 and sued the City in July 1995. The City moved for summary judgment on two grounds:

- Rhodes failed to timely file his lawsuit based on the December 1994 grievance; and
- to the extent Rhodes sought relief on any matter outside the scope of the December 1994 grievance, those claims were barred by Rhodes's failure to exhaust his administrative remedies.

The trial court granted summary judgment on general grounds. On appeal, Rhodes's only challenge to the summary judgment is that his claims were not time-barred. He does not assert that he exhausted his administrative remedies. When a summary judgment rests on more than one ground or defense, the appealing party must assign error to each ground, or the judgment will be affirmed on a ground

about which no complaint is made. *See Scott v. Galusha,* 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). Because Rhodes does not challenge the City's ground that he failed to exhaust his administrative remedies, Rhodes has waived any complaint that summary judgment was improper as to matters outside the scope of his December 1994 grievance. Thus, we will only consider whether the claims based on matters raised in his December 1994 grievance are barred by limitations.

## Statute of Limitations

Statute of limitations is an affirmative defense. *See* Tex.R. Civ. P. 94. A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *See Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *See Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

In December 1994, Rhodes invoked the City's grievance procedures for alleged retaliatory action by the City in May and June 1994. The City investigated Rhodes's grievance and concluded that his allegations were unsupported. The City forwarded a copy of its findings to Rhodes on January 30, 1995, and the findings became final on February 24, 1995.

After administrative procedures are exhausted, a public employee has 30 days to file a whistleblower lawsuit. *See* Tex.

Gov't Code Ann. § 554.006(d)(1) (Vernon Supp.1999). Thus, Rhodes had until March 26, 1995 to file suit against the City. He did not sue until July 19, 1995—nearly four months after his filing deadline. Accordingly, the City established its statute of limitations defense as a matter of law as to Rhodes's claims arising from his December 1994 grievance.[1] We overrule Rhodes's point and affirm the trial court's judgment.

---

1. To seek relief under the Whistleblower Act, Rhodes was required to invoke the City's grievance procedures not later than the 90th day after the alleged violation occurred, or after he discovered it through reasonable diligence. *See* Tex. Gov't Code Ann. § 554.006(a)–(b) (Vernon Supp.1999). In his grievance, Rhodes did not allege any retaliatory action by the City after June 10, 1994, and his grievance documents show he knew of the alleged retaliatory conduct by June 10.

Rhodes did not file his grievance until December 8, 1994; thus, his grievance was untimely under section 554.006. But the City did not move for summary judgment based on Rhodes's failure to timely invoke the City's grievance procedures as to the December 1994 grievance, so we cannot affirm the summary judgment on that basis. *See Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 912 (Tex.1997).