CASTLEBERRY INDEPENDENT SCHOOL DISTRICT, Terry Myers, Keith Burgett, Castleberry High School, and the CISD Board Of Trustees, Appellants,

v.

Jane DOE, Appellee.

No. 2–00–265–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 11, 2001.

Rehearing Overruled Feb. 8, 2001.

Schwartz & Eichelbaum, P.C., Dennis J. Eichelbaum, Holly Boyd Wardell, Plano, for Appellant.

Paul M. Hood, P.C., Paul M. Hood, Dallas, for Appellee.

LIVINGSTON, HOLMAN, and GARDNER, JJ.

## OPINION

HOLMAN, Justice.

In this interlocutory appeal, Appellants Castleberry Independent School District, Terry Myers, Keith Burgett, Castleberry High School (CHS),[1] and the CISD Board of Trustees appeal from the trial court's order denying their plea to the jurisdiction on the ground that Appellee Jane Doe did not file her suit in a timely manner. We dismiss for want of jurisdiction in part and affirm in part.

---

1. Appellants point out that Castleberry High School is not a true party as it is neither an individual nor a governmental entity, but simply a building.

## FACTUAL AND PROCEDURAL BACKGROUND

During the 1998–99 school year, Appellee worked as a teacher in the Special Education Department of CHS, in the Castleberry Independent School District, under a probationary contract. In January 1999, Appellee discovered that one of her students had been sexually assaulted by another student. The victim was seventeen but had the I.Q. of a third grader. Appellee alerted Appellants when she found out about this assault.

Appellee contends that, after she reported the assault to Appellants, they told her to delete any references in the memorandum she wrote indicating that the sex was not consensual. Appellee alleges that Appellants were attempting to "gloss over" the assault by trying to get the victim student to say that the assault was a planned encounter, and Appellants were unhappy with Appellee's memorandum stating the contrary. Appellee alleges she was then told by Appellants that she was not to have any contact with the victim's parents or the authorities unless a school administrator was present. In addition, Appellants sent Appellee a memorandum stating her actions in relation to reporting the sexual assault had been "out of line," and any information Appellee had was not to be given to anyone "outside the building" unless the administrator had seen and approved it first. Appellee stated that following the reporting of her student's assault her classroom performance was assessed by Appellants, and she received a "below expectations" rating. Appellee also had conversations with Appellants in which they stated that they had concerns about the way Appellee had handled the assault.

On March 9, 1999, Appellants notified Appellee that her probationary contract was being terminated. Appellee filed a grievance on March 24. Appellants did not render a final decision regarding the grievance by May 24 the 61st day after the grievance was filed. Therefore, Appellee elected to terminate the grievance procedure on May 24. On June 15, Appellee filed suit under the Texas Whistleblower Act (Whistleblower Act) alleging that she was terminated because she reported the sexual assault of her student. On June 26, Appellants filed a plea to the jurisdiction asserting that the trial court no longer had subject matter jurisdiction over the suit because Appellee did not file her suit within the 90 day period prescribed by the Whistleblower Act. On July 20, 2000, the district court heard arguments on Appellants' plea to the jurisdiction and denied the plea.

## APPELLATE JURISDICTION

■ We will begin by addressing Appellee's contention that we do not have jurisdiction over this interlocutory appeal. Civil practice and remedies code section 51.014(a)(8) provides that an appeal may be taken from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit as it is defined in section 101.001 of the code. TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2001). The term "governmental unit" is defined as:

(A) this State and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and au-

thority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

*Id.* § 101.001(3).

■ This definition does not include employees or officials of the governmental units. *Id.; Univ. of Houston v. Elthon,* 9 S.W.3d 351, 354 (Tex.App.—Houston [14th Dist.] 1999, pet. dism'd w.o.j.); *Dallas County Cmty. Coll. Dist. v. Bolton,* 990 S.W.2d 465, 467 (Tex.App.—Dallas 1999, no pet.). Statutes authorizing interlocutory appeals are strictly construed. *Univ. of Houston,* 9 S.W.3d at 354. Therefore, we conclude that we have jurisdiction over the interlocutory appeal brought by Castleberry Independent School District and the CISD Board of Trustees under the definition of governmental unit provided in section 101.001(3). However, we conclude that Myers and Burgett do not fall within the definition of governmental unit in section 101.001(3). *See* Tex.Civ.Prac. & Rem. Code Ann. § 101.001(3); *Univ. of Houston,* 9 S.W.3d at 354; *Dallas County Cmty. Coll. Dist.,* 990 S.W.2d at 467. Therefore, section 51.014(a)(8) does not confer jurisdiction over the interlocutory appeal brought by Myers and Burgett, and we dismiss their appeals for want of jurisdiction.

## Plea to the Jurisdiction

The Whistleblower Act requires an employee to "initiate action under the grievance or appeal procedures of the employing state or local governmental entity relating to suspension or termination of employment or adverse personnel action before suing under this chapter." Tex.Gov't Code Ann. § 554.006(a) (Vernon Supp.2001). The Whistleblower Act includes a statute of limitations. *See id.* § 554.005 (Vernon 1994).

In their sole point, Appellants argue that suit must be brought within 90 days of the alleged violation to comply with the Whistleblower Act, and Appellee did not initiate her suit within this 90–day period;

therefore, the trial court erred in denying their plea to the jurisdiction.

■ In considering an interlocutory appeal from a denial of a plea to the jurisdiction, we must take the allegations in the petition as true and construe them in favor of the pleader. *Tex. Ass'n of Business v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). Because the question of subject matter jurisdiction is a legal question, we review the trial court's order denying Appellants' pleas to the jurisdiction under a de novo standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999); *Denton County v. Howard,* 22 S.W.3d 113, 118 (Tex.App.—Fort Worth 2000, no pet.). Here, the pleadings indicate that Appellee filed suit because of alleged retaliatory acts by Appellants in violation of the Whistleblower Act. Specifically, Appellee contends that, in good faith, she reported the violations of law involved in the sexual assault of a student by another student and Appellants' failure to address or remedy the situation. Appellee states that because of this "whistleblowing," she was threatened, harassed, subjected to humiliating scrutiny and invasion of privacy, unfairly reviewed in her work, and ultimately terminated by Appellants on March 9, 1999.

On March 24, 1999, Appellee filed a grievance under Appellants' policies and in accordance with government code section 554.006(a), which provides that a public employee must initiate action under the grievance procedures of the governmental entity regarding termination before suing under the Whistleblower Act. *See* Tex .Gov't Code Ann. § 554.006(a). Appellants did not render a final decision in the matter by the 61st day after Appellee initiated the grievance procedures. Therefore, Appellee elected to terminate the grievance procedure and sue Appellants as is authorized by section 554.006(d)(2). *See id.* § 554.006(d)(2).

■ It is uncontested that Appellee was required to initiate the grievance procedure prior to filing suit under the Whistleblower Act. Furthermore, it is uncontested that Appellee filed a grievance under the grievance mechanism provided by Appellants. It is also undisputed that Appellee had the right to elect to terminate the grievance procedure when Appellants did not render a final decision by the 61st day after the grievance was filed, which she elected to do. Where Appellant and Appellee disagree is the amount of time that remained for Appellee to file suit under this statute. Appellants contend that Appellee terminated the grievance procedure on the 75th day after the alleged violation occurred, and; therefore, only had 15 days left in which to file suit. Appellants assert that Appellee filed suit on the 96th day after the alleged violation occurred and, thus, her suit was barred by the statute of limitations. On the other hand, Appellee argues that the trial court did not err in denying the plea to the jurisdiction because the time she utilized in following the grievance procedure was tolled until she elected to terminate the grievance procedure, at which point the time again began to run. Therefore, Appellee asserts that 75 days remained in which she could file suit, and because she filed suit only 22 days after the violation occurred, excluding the period of the grievance, the statute of limitations had clearly not yet expired. We agree with Appellee.

■ When read together, sections 554.005 and 554.006 demonstrate that the time utilized by the plaintiff in following the grievance procedures is tolled. Section 554.005 states that an employee who is seeking relief under the Whistleblower Act must sue no later than the 90th day after the date on which the alleged violation of the chapter occurred or was discovered through reasonable diligence. Tex.Gov't Code Ann. § 554.005. Section 554.006 states that a public employee *must* initiate action under the grievance procedures of the employing governmental entity before filing suit, and the procedure must be invoked no later than the 90th day after the alleged violation occurred or was discovered through reasonable diligence. *Id.* § 554.006(a), (b). This section also states that the time used by the employee in acting under the grievance procedure is excluded, except as provided by subsection (d), from the period established by section 554.005. *Id.* § 554.006(c). Subsection (d) states that if the employing agency has not reached a final decision before the 61st day after the date the grievance procedure is initiated under subsection (a) then: (1) the employee may elect to continue to exhaust the grievance procedures, in which event the employee will have until the 30th day after the date the grievance procedures are exhausted to file suit; or (2) the employee may elect to terminate the grievance procedures, in which event the employee must sue within the time remaining under section 554.005 in order to obtain relief under the Whistleblower Act. *Id.* § 554.006(d)(1), (2).

Therefore, it is clear that an employee who wishes to file suit under the Whistleblower Act must first initiate the employer's grievance procedures, if any exist, and then must give the employer 60 days in which to render a final decision. Tex.Gov't Code Ann. § 554.006(a), (b), (d)(2). Only after allowing the employer this time to render a final decision can the employee file suit. *Id.* § 554.006(d)(2). If we were to accept Appellants' argument that the 60 days Appellee must wait for Appellants to render a final decision, if one is even rendered, before filing suit is not tolled, we would be ignoring the plain meaning of the provisions read as a whole. This we cannot do. *See Black v. Am. Bankers Ins. Co.*, 478 S.W.2d 434, 437 (Tex.1972); *Anders v. Weslaco Indep. Sch. Dist.*, 960 S.W.2d 289, 292 (Tex.App.—Corpus Christi 1997, no pet.).

Furthermore, an examination of legislative history demonstrates that the legislature intended that the governmental entity being accused of wrongdoing under the

Whistleblower Act be afforded the opportunity to correct its errors by resolving disputes before facing litigation. *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 774 (Tex.App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.) (op. on reh'g); *Gregg County v. Farrar*, 933 S.W.2d 769, 775 (Tex.App.—Austin 1996, writ denied). The time period in which the employee must follow the employer's grievance procedure is established for that purpose, not to penalize the employee for following the grievance procedure. In fact, prior to 1995, section 554.006 required the employee to exhaust the employer's grievance procedure and only gave the employer 30 days in which to reach a final decision regarding the grievance. *See* Act of May. 4, 1993, 73rd Leg., R.S., ch. 268, § 1, 1993 Tex.Gen.Laws 583, 610 (amended 1995) (current version at TEX.GOV'T CODE ANN. § 554.006 (Vernon Supp.2001)). Therefore, under the old provision, a plaintiff had 90 days in which to file a grievance and an additional 30 days for the grievance procedure, which tolled the original time in which suit was required to be filed. *Id.* This was a total of 120 days in which an employee could file suit under the Whistleblower Act.

In 1995, the statute was amended to grant employers an additional 30 days in which to consider and reach a final decision regarding the grievance. *See* TEX. GOV'T CODE ANN. § 554.006(d). Under the current statute, the employer has 60 days in which to reach a final decision. If one is not reached within that time period then the employee is no longer required to exhaust the available grievance procedures, but may file suit within the remaining time. *Id.* In addition, the statute now states that if an employer does not reach a final decision in the 60–day time period, the employee may elect to continue the grievance procedures until they are exhausted and will then have an additional 30 days after the procedures are exhausted in which to file suit. *Id.*

We see nothing in the statute that would enable us to reach the conclusion Appellants wish us to reach, *i.e.*, that the time spent pursuing an employer's grievance procedure is not tolled, nor do Appellants point us to any case law in support of their contention. To the contrary, a review of case law construing the former version of section 554.006 demonstrates that Appellants' position is simply untenable. *See Anders*, 960 S.W.2d at 292; *Beiser v. Tomball Hosp. Auth.*, 902 S.W.2d 721, 724–25 (Tex.App.—Houston [1st Dist.] 1995, writ denied); *Turner v. Richardson Indep. Sch. Dist.*, 885 S.W.2d 553, 560 (Tex.App.—Dallas 1994, writ denied). In fact, the cases are in line with Appellee's contention that the time period is tolled. Although these cases address the tolling of the time utilized under the grievance procedure as it existed under the former version of section 554.006, a reading of the current statute demonstrates that the logic of these decisions is equally applicable to this case. Therefore, Appellants' argument that the trial court erred in denying their plea to the jurisdiction on this claim cannot be sustained.

■ Moreover, although we have addressed Appellants' contention on its merits, we note that the proper avenue for raising the statute of limitations defense under the Whistleblower Act is in a motion for summary judgment, not in a plea to the jurisdiction. *Univ. of Houston*, 9 S.W.3d at 356; *Rhodes v. City of Plano*, 991 S.W.2d 479, 481 (Tex.App.—Fort Worth 1999, no pet.); *Anders*, 960 S.W.2d at 290; *Turner*, 885 S.W.2d at 560. A statute of limitations constitutes an affirmative defense and cannot be the basis for sustaining a plea to the jurisdiction. TEX.R.CIV.P. 94; *Univ. of Houston*, 9 S.W.3d at 356–57. We overrule Appellants' sole point.

## CONCLUSION

We dismiss the appeals of Myers and Burgett for want of jurisdiction. We affirm the trial court's order denying the

remaining Appellants' plea to the jurisdiction.