Reversed and Rendered and Majority and Dissenting Opinions filed
December 12, 2002










 



Reversed and Rendered and Majority and Dissenting
Opinions filed December 12, 2002.

 




 
 
 
 
  
 
 
 
 




 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00529-CV

____________

 

THE UNIVERSITY OF TEXAS MEDICAL
BRANCH AT GALVESTON

d/b/a JOHN SEALY HOSPITAL (AUTMB@),
Appellant

 

V.

 

KEVIN BARRETT, M.D., Appellee

 



 

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 95CV0834

 



 

M A J O R I T Y  O P I
N I O N

This case involves the Whistleblower Act, in which the Legislature
has waived immunity from suit when a state or local entity retaliates against
an employee who reports a violation of the law. 
Tex. Gov=t Code Ann. '' 554.002 and 554.0035 (Vernon Supp.
2002).  The question presented here is
whether failure to comply with the steps mandated by the Legislature in Texas
Government Code section 554.006 deprives a trial court of jurisdiction to hear
the employee=s suit.  We hold that it does.








I.  FACTUAL AND
PROCEDURAL BACKGROUND

This is the second appeal concerning a statutory
whistleblower claim filed by appellee Kevin Barrett, M.D. against the
University of Texas Medical Branch at Galveston (UTMB) and two physicians.  In the first appeal, Barrett challenged the
various grounds on which summary judgment was sought by UTMB and the
physicians, one of which alleged Barrett failed to initiate administrative
remedies under the Whistleblower Act.  We
held Barrett created a material question of fact as to whether he initiated
action under his employer=s appeals procedure, reversed the trial court=s judgment as to Barrett=s whistleblower claim, and  remanded same for trial on the merits.  See Tex.
Gov=t Code Ann. ' 554.006(a) (Vernon Supp. 2002); Barrett
v. The University of Texas Medical Branch at Galveston, 1999 WL 233341
(Tex. App.CHouston [14th Dist.] 1999, pet.
denied).  On remand, UTMB filed a plea to
the jurisdiction, arguing the district court lacked subject-matter jurisdiction
because Barrett failed to wait sixty days after filing his grievance before
filing suit.  See Tex. Gov=t Code Ann. ' 554.006(d) (Vernon Supp. 2002).  The district court denied the plea, and UTMB
filed this interlocutory appeal.  We
reverse and render judgment dismissing the case for lack of subject-matter
jurisdiction.

II.  DISCUSSION

A.        Standard of
Review








A party may contest a trial court=s subject-matter jurisdiction by
filing a plea to the jurisdiction.  Texas Dep=t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  The party suing a governmental agency must
affirmatively establish in its pleadings the State=s consent to suit, Awhich may be alleged either by
reference to a statute or to express legislative permission.@ 
Id. (citing Missouri
Pac. R.R. Co. v. Brownsville Navigation, 453 S.W.2d 812, 814 (Tex.
1970)).  The trial court must look solely
to the pleadings in determining whether it has subject-matter jurisdiction over
the case challenged by a plea to the jurisdiction.  Amador v. San Antonio State
Hosp., 993 S.W.2d 253, 254 (Tex. App.CSan Antonio 1999, pet. denied).  On appeal, the allegations set forth in the
pleadings are taken as true and are construed in favor of the pleader.  Id. 
Subject-matter jurisdiction is a question of law that is reviewed de
novo.  Id. at 255.  Therefore, we review the trial court=s denial of UTMB=s plea to the jurisdiction de novo.

B.        Sovereign Immunity and Subject-Matter
Jurisdiction

Sovereign immunity encompasses two principles: immunity from
suit and immunity from liability.  Travis
County v. Pelzel & Assoc., 77 S.W.3d 246, 248 (Tex. 2002) (citing Federal
Sign v. Texas S. Univ., 951 S.W.2d 401, 405 (Tex. 1997)).  Immunity from liability protects a
governmental entity from judgment even if the Legislature has consented to the
suit, and does not affect subject-matter jurisdiction.  Id. 
(citing Jones, 8 S.W.3d at 638).  Immunity from suit, on the other hand,
deprives a trial court of subject-matter jurisdiction, and is properly asserted
in a plea to the jurisdiction.  Id;
see also Texas Nat=l Resource Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002)
(citing. Jones, 8 S.W.3d at 638, for the proposition that immunity from
suit defeats a trial court=s subject-matter jurisdiction unless the state expressly
consents to the suit); Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan, 51
S.W.3d 293, 295 (Tex. 2001) (per curiam) (holding trial court lacked
jurisdiction over cause of action against school district for retaliatory
discharge where plaintiff failed to exhaust her administrative remedies).  








Section 554.0035 of the Whistleblower Act provides a waiver
of sovereign immunity for suits seeking redress for retaliatory measures taken
by a governmental entity Ato the extent of liability for the relief allowed under this
chapter.@ Pelzel, 77 S.W.3d at 249.  (quoting Tex. Gov=t Code Ann. ' 554.0035).  Section 554.006(a) requires an aggrieved
employee to initiate action under the grievance or appeal procedures of the
employing state or local governmental entity. 
Tex. Gov=t Code Ann. ' 554.006(a) (Vernon Supp. 2002).  If a final decision is not rendered before
the sixty-first day after the procedures were initiated, the employee can
choose to either exhaust the applicable procedures or terminate the applicable
procedures and file suit under the Act.  Id. ' 554.006(d).  Only after a public employee follows the
procedures set forth in this section is immunity from suit waived and
subject-matter jurisdiction conferred on a trial court.  Univ. of Houston Sys. v. Lubertino, No.
01-01-00919-CV, 2002 WL 31521209, at *2B*4 (Tex.App.CHouston [1st Dist.] Nov. 14, 2002, no
pet. h.) (holding failure to comply with ' 554.006(d) deprives trial court of
subject-matter jurisdiction); City of San Antonio v. Marin, 19 S.W.3d
438, 442 (Tex. App.CSan Antonio 2000, no pet.) (same); Castleberry
Indep. Sch. Dist. v. Doe, 35 S.W.3d 777, 781 (Tex. App.CFort Worth 2001, pet. dism=d w.o.j.) (stating proper procedure
prior to filing suit under Whistleblower Act is to initiate grievance
procedures, wait 60 days, and suit may be filed by employee only after allowing
employer this time to render final decision). 








This court has previously recognized that the administrative
prerequisites in section 554.006 are jurisdictional.  See University of Houston v. Elthon,
9 S.W.3d 351, 355B56 (Tex. App.CHouston [14th Dist.] 1999, pet. dism=d w.o.j.) (discussing whether the
requirements of section 554.006 were satisfied in order to confer jurisdiction
on the trial court).  Various other intermediate
appellate courts have also recognized that the administrative prerequisites in
the Whistleblower Act are jurisdictional. 
The Austin Court of Appeals recently held that section 554.006 is a
statutory prerequisite to filing suit, and the plaintiff satisfied the
jurisdictional requirements by submitting a grievance within 90 days of his
constructive discharge.  See Texas Bd.
Of Pardons and Paroles v. Feinblatt, 82 S.W.3d 513, 522 (Tex.App.CAustin 2002, no pet. h.).  The San Antonio Court of Appeals held, where
appellees had filed their suit two days after initiating grievance procedures,
the trial court was deprived of jurisdiction because appellees failed to
satisfy the mandatory statutory prerequisites to filing suit under the Act.  See Marin, 19 S.W.3d at
442.  The Austin Court of Appeals earlier
reached the same conclusion.  See
Gregg County v. Farrar, 933 S.W.2d 769, 777 (Tex. App.CAustin 1996, no writ) (holding
failure to comply with statutory requirements deprives the trial court of jurisdiction).  Following the Farrar analysis,
the First Court of Appeals also has held that when a party sues under the
Whistleblower Act, the party must comply with administrative prerequisites,
which are jurisdictional.  See Univ.
of Texas Med. Branch at Galveston v. Hohman, 6 S.W.3d 767, 774 (Tex. App.CHouston [1st Dist.] 1999, pet. dism=d w.o.j.) (citing Farrar, 933
S.W.2d at777).  In reaching its
conclusion, the Hohman court relied on the principle that requires a
party suing on a statutory cause of action to comply with all administrative
prerequisites which are jurisdictional.  Id.
(citing Farrar, 933 S.W.2d at 777). 
Consistent with Hohman, the First Court of Appeals recently held
the State=s sovereign immunity is not waived
and suit may not be filed unless the statutory prerequisites for filing suit in
the Whistleblower Act have been met.  See
Lubertino, 2002 WL 31521209 at *2B*4; Texas S. Univ. v. Carter,
84 S.W.3d 787, 792 (Tex. App.CHouston [1st Dist.] 2002, no pet. h.).  








Section 554.006 of the Whistleblower Act is an unambiguous
statute requiring a public employee to follow certain steps in order to invoke
the waiver of immunity provided for in the Act and enable the employee to bring
a suit[1]
against an employer.  Tex. Gov=t Code Ann. ' 554.006 (Vernon Supp. 2002).  An employee is required to initiate the
applicable grievance procedure and wait sixty days for an employer to reach a
final decision.  Tex. Gov=t Code Ann. ' 554.006.  After sixty days have passed, if a final
decision is not rendered, the Act permits an employee to terminate the
grievance procedures and file suit for the prescribed relief.  Id. 
We hold these statutorily prescribed procedures are jurisdictional.  See Lubertino, 2002 WL 31521209
at *2B*4; Carter, 87 S.W.3d at 792; Feinblatt,
82 S.W.3d at 522; Marin, 19 S.W.3d at 442; Hohman, 6 S.W.3d at
774; Farrar, 933 S.W.2d at 777. 
To hold otherwise would have significant and adverse consequences: an
aggrieved employee could initiate the grievance procedures, wait an hour or a
day, and then file suit.  Marin,
19 S.W.3d at 441.  Interpretation of the
Act in this way would render the sixty-one day requirement in section
554.006(d) meaningless, contravening the Code Construction Act=s presumption that in enacting a statute,
it is presumed that the entire statute is intended to be effective.  Tex.
Gov=t Code Ann. ' 311.021 (Vernon 1998).  Moreover, the Legislature intended that the
governmental entity be afforded the opportunity to correct its own errors by resolving
disputes before being subjected to the expense and effort of litigation.  Farrar, 933 S.W.2d at 775.

C.        1995 Amendment of the Whistleblower Act

Section 554.006 of the Whistleblower Act was amended in 1995
to read:

(a)  A public
employee must initiate action under the grievance or appeal procedures
of the employing state or local governmental entity relating to the suspension
or termination of employment or adverse personnel action before suing
under this chapter. . . .

(d) If a final decision is not rendered before the
61st day after the date procedures are initiated under Subsection (a), the
employee may elect to:

(1) exhaust the applicable procedures under
Subsection (a) . . .; or

(2) terminate procedures under Subsection (a), in
which event the employee must sue within the time remaining under Section
554.005 to obtain relief under this chapter.

Tex. Gov=t Code Ann. ' 554.006 (Vernon Supp. 2002)
(emphasis added).








Prior to its amendment in 1995, subsection (a) read: AAn employee of a local government
must exhaust that government=s grievance or appeal procedures
relating to suspension or termination of employment or unlawful discrimination
before suing under this chapter.@ 
Act of May 22, 1993, 73rd Leg., R.S. ch. 268, ' 1, 1993 Tex. Gen. Laws 583, 610
(amended 1995) (emphasis added).  The
1995 amendment to subsection (d) increased the number of days an employee had
to wait for a final decision in the grievance procedures from thirty to sixty,
but left the remainder of the statute unchanged.  See Act of May 25, 1995, 74th
Leg. R.S. ch. 721 ' 6 1995 Tex. Gen. Laws 3812, 3813B14. 
Both before and after the 1995 amendments to the act, an employee
seeking to file suit must follow the same procedures: after waiting the
specified number of days (formerly thirty, now sixty), the employee may either
continue to pursue the applicable grievance procedures until exhaustion, or
terminate the procedures and file suit.  See
Act of May 22, 1993, 73rd Leg., R.S. ch. 268, ' 1, 1993 Tex. Gen. Laws 583, 610
(amended 1995); Tex. Gov=t Code Ann. ' 554.006.  No substantive change in procedures was
effected by the Legislature=s 1995 amendment.  See
Marin, 19 S.W.3d at 441.  Although
the word Aexhaust@ was used in the prior version,
exhausting the applicable procedures was never the only way to comply with the
requirements set forth in the Act.  See
Act of May 22, 1993, 73rd Leg., R.S. ch. 268, ' 1, 1993 Tex. Gen. Laws 583, 610
(amended 1995).  As stated above,
aggrieved public employees always had the option of terminating grievance
procedures before exhaustion if a final decision had not been rendered within
the number of days specified.  See
Marin, 19 S.W.3d at 440B41.

We agree with the analysis and holding of the Fourth Court of
Appeals in Marin, that the Legislature=s substitution of the word Ainitiate@ for Aexhaust@ had no practical effect on the
statute.  Id.  Thus, just as compliance with the statutory
requirements set forth in section 554.006 was jurisdictional in nature prior to
the 1995 amendment, compliance remains jurisdictional in nature after the 1995
amendment.  See, e.g.,  Marin, 19 S.W.3d at 441 (holding that when
the entire statute is viewed in context, the 1995 amendment had no effect on
the implementation of the statute); see also Elthon, 9 S.W.3d at 355B56 (treating Whistleblower Act
prerequisites as jurisdictional); Hohman, 6 S.W.3d at 774 (stating the
Whistleblower Act prerequisites are jurisdictional); Harlandale Indep.
School Dist. v. Hernandez, 994 S.W.2d 257, 258 n.1 (Tex. App.CHouston [1st Dist.] 1999, no pet.)
(stating AThis change did not alter the
jurisdictional nature of the administrative process.@); Farrarr, 933 S.W.2d at 777
(holding that failure to comply with the Whistleblower Act prerequisites
deprives a trial court of jurisdiction).








Texas courts continue to affirm the jurisdictional nature of
the provisions of the  Whistleblower
Act.  Addressing this issue, the First
Court of Appeals in Carter, 84 S.W.3d at 789, considered whether Texas
Southern University could pursue an interlocutory appeal from a denial of its
plea to the jurisdiction, a question which first required the court to decide
whether the provisions in section 554.006(b) C requiring invocation of the
applicable grievance or appeal procedures within 90 days of the alleged
violation C were jurisdictional.  The Carter court concluded the
statutory prerequisite requiring the plaintiff in a Whistleblower Act action to
timely initiate a grievance is a jurisdictional requirement.  Id at 792.  Indeed, the court concluded all of the
prerequisites of the Act are jurisdictional:

In sum, the Whistleblower Act creates the cause of
action sued upon, provides procedural prerequisites for filing suit, and then
waives sovereign immunity from suit once those requirements have been met.  The trial court has no subject matter
jurisdiction over the suit unless the State=s
sovereign immunity from suit is waived, and the State=s sovereign immunity from suit is not waived unless
the statutory prerequisites for filing suit have been met. 

Id.  (statutory
citations omitted) (emphasis added).

The First Court of Appeals continues to recognize the
jurisdictional nature of the statutory prerequisites in the Whistleblower
Act.  See Lubertino, WL 31521209 at
*2 (stating because limitations provisions of the Act are jurisdictional,
plaintiffs must adhere to them to confer jurisdiction on the trial court).

We agree the statutory prerequisites for filing suit under
the Whistleblower Act are jurisdictional, and 
failure to satisfy those requirements deprives the trial court of
jurisdiction over the suit.

D.        Waiver
of Immunity vs. Presentment








The dissent, citing Essenburg, disagrees with this
jurisdictional analysis of the Whistleblower Act and asserts that the Act is
merely a presentment statute, not an exhaustion of administrative remedies
statute.  See Essenburg v.
Dallas County, 988 S.W.2d 188 (Tex. 1998). 
In Essenburg, the Texas Supreme Court held that section 81.041 of
the Texas Local Government Code (the predecessor to section 89.004) contains a
presentment requirement, not an exhaustion requirement which is
jurisdictional.  Id. at 189.  Thus, as a presentment, or notice, statute
section 89.004 is not jurisdictional.  Id.  Importantly, however, the Essenburg court
observed A[t]he presentment requirement . . .
is not analogous to the exhaustion of administrative remedies requirement.@ 
Id.  Indeed, because the Essenburg
court adverted favorably to the holding in Farrar, that the Whistleblower
Act requires plaintiffs to exhaust all remedies before suing, we
conclude the presentment/exhaustion question regarding that Act has been
resolved adversely to the dissent=s position. 

The unambiguous language of the Whistleblower Act specifically
provides that a public employee alleging a violation of the statute may sue the
employing state or local governmental entity for relief after they have
exhausted the applicable grievance procedures, 
or after the sixtieth day if a final decision is not rendered by
the governmental agency.  Tex. 
Gov=t Code Ann. '' 554.0035, 554.006 (Vernon 2002)
(emphasis added).  The Act states that
sovereign immunity is waived and abolished to the extent of liability for the
relief allowed for a violation of the Act. 
Id. 554.0035.  In contrast,
the statute examined in Essenburg did not clearly and unambiguously
waive immunity from suit for a claim against a county.  See Pelzel, 77 S.W.3d at 249.  A claimant under section 89.004 has no
statutory right to bring a suit for a money claim against a county.  Id. at 251.  Thus, because questions of jurisdiction are
not relevant to an analysis of section 89.004, no issue of exhaustion is raised
and the inquiry is restricted to presentment questions only.  In sum, Essenburg and Pelzel
address a statute allowing presentment only, and not suits against governmental
entities, while sections 554.0035 and 554.006 of the Government Code permit
litigation.  The dissent=s attempted application of the
presentment classification to the Whistleblower Act is baseless. 

E.        Waiver of Immunity vs. Constitutional
Jurisdiction








The dissent also cites Dubai for the proposition that
failure to comply with statutory prerequisites does not affect a district court=s subject-matter jurisdiction over a
case.  See Dubai Petroleum Co.
v. Kazi, 12 S.W.3d 71 (Tex. 2000). 
The dissent=s reliance on this case is misplaced.  Dubai, unlike this case, did not
involve a suit against the State and therefore, did not involve principles of
sovereign immunity.  Indeed, the suit
arose from Kazi=s death, and his survivors brought a wrongful death action in
a Harris County district court.  Id.
at 73. Although the suit was brought under section 71.031 of the Texas Civil
Practice and Remedies Code, the Dubai court held the trial court had
jurisdiction because a claim for wrongful death was within its jurisdiction
under the Texas Constitution, not because the plaintiffs satisfied all the
grounds listed in section 71.031(a).  Id.
at 76.  Therein lies the key distinction
between this case and Dubai. 
Texas district courts have no Aconstitutional jurisdiction@ over a suit against the State, or a
governmental entity, absent a waiver of sovereign immunity.  See Fed. Sign v. Texas S. Univ., 951
S.W.2d 401, 405 (Tex. 1997) (recognizing sovereign immunity, unless waived,
protects the State of Texas, its agencies and its officials from lawsuits for
damages, absent legislative consent to sue the State).  

Unlike the plaintiffs in Dubai, who had a threshold right
under the Texas Constitution to bring their suit in a Harris County district
court, Dr. Barrett=s only vehicle to bring suit against UTMB was the
Whistleblower Act.  That Act waives
sovereign immunity from suit Ato the extent of liability for the relief allowed under this
chapter for a violation of this chapter.@ 
Tex. Gov=t Code Ann. ' 554.0035 (Vernon Supp. 2002).  If the plaintiff has no right to relief under
the statute, because the statutory prerequisites have not been met, then there
is no waiver of immunity by the State, and the trial court has no
jurisdiction.  Carter, 84 S.W.3d
at 792.  No issue has been
presented in this case contending the district court has jurisdiction over Dr.
Barrett=s claim pursuant to the Texas
Constitution.








As stated in Pelzel, immunity from suit deprives a
trial court of subject-matter jurisdiction, and is properly asserted in a plea
to the jurisdiction.  Pelzel, 77
S.W.3d at 248.  In post-Dubai
cases involving sovereign immunity, the Texas Supreme Court continues to hold
that plaintiffs must comply with statutory prerequisites in order to confer
jurisdiction on the trial court.  See
IT-Davy, 74 S.W.2d at 855 (citing Jones, 8 S.W.3d at 638); Wilmer-Hutchins,
51 S.W.3d at 293B94.  Simply put, the
Texas Supreme Court has not applied or even adverted to Dubai in later
cases involving sovereign immunity.  See
Wal-Mart Stores, Inc. v. Canchola, 64 S.W.3d 524, 533B35 (Tex. App.CCorpus Christi 2001, no pet.) (noting
the Wilmer-Hutchins court=s failure to discuss Dubai); King
v. Texas Dep=t of Human Services, 28 S.W.3d 27, 30B31 (Tex. App.CAustin 2000, no pet.) (declining to
address appellant=s argument that Dubai applies to suits involving
sovereign immunity).  Therefore,
there is no authority for integration of the Dubai analysis into
Whistleblower Act suits, and we will not apply Dubai here.  

III.  CONCLUSION 

In sum, we interpret the Whistleblower Act in accordance with
the plain meaning of the words chosen by the Legislature.  It is cardinal law in Texas that a court
construes a statute, first by looking to the plain and common meaning of the
statute=s words.  Fitzgerald v. Advanced Spine
Fixation Systems, Inc., 996 S.W.2d 864, 865 (Tex. 1999).  If the meaning of the statutory language is
unambiguous, we adopt, with few exceptions, the interpretation supported by the
plain meaning of the provision=s words and terms.  Id.  We hold compliance with section 554.006 of
the Whistleblower Act is necessary to confer jurisdiction on the trial
court.  In accordance with the plain
meaning of the words in section 554.006 of the Whistleblower Act, a claimant
may file suit without exhausting his administrative remedies only if a final
decision is not rendered before the sixty-first day after the date the
procedures were initiated under section 
554.006, subsection (a).  Filing
suit before expiration of the sixty-day period, as occurred here, deprives the
trial court of jurisdiction.[2]

Accordingly, we reverse the trial court=s judgment, and render judgment
granting UTMB=s plea to the jurisdiction.  See Univ. of Texas Med. Branch v. Mullins,
57 S.W.3d 653, 657 (Tex. App.CHouston [14th Dist.] 2001, no pet.).

 

/s/        John S.
Anderson

Justice

 









 

Judgment rendered and Majority and
Dissenting Opinions filed December 12, 2002.

 

Panel consists of Chief Justice
Brister and Justices Anderson and Frost, (Brister, C.J., dissenting).

 

Publish C Tex.
R. App. P. 47.3(b).











 
 
 
 
  
 
 
 
 




Reversed and Rendered and
Majority and Dissenting Opinions filed December 12, 2002.

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO.
14-01-00529-CV

____________

 

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,

d/b/a JOHN SEALY HOSPITAL (AUTMB@) Appellant

 

V.

 

KEVIN BARRETT,
M.D., Appellee

 



 

On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 95CV0834

 



 

D I S S E N T I N G   O P I N I O N

Section 554.006 of the Whistleblower Act required Dr. Barrett
to initiate a grievance before filing suit. 
He did.  But because he filed suit
27 days later rather than 60, the Court holds we are ousted from subject-matter
jurisdiction.  For several reasons, I
disagree.








First, the waiver of sovereign immunity in the Whistleblower Act
is not conditional. The Legislature waived immunity from suit and liability for
any and all violations of the chapter:

A public employee who
alleges a violation of this chapter may sue the employing state or local governmental
entity for the relief provided by this chapter.  Sovereign immunity is waived and
abolished to the extent of liability for the relief allowed under this chapter
for a violation of this chapter.

 

Tex. Gov=t Code ' 554.0035.  Obviously, immunity is not waived A[o]nly
after a public employee follows the procedures set forth@ in the Act.  Ante at ___.  Instead, sovereign immunity is waived if an
employee alleges a violation and liability under the chapter.  Nothing in the section conditions waiver of
immunity upon compliance with grievance procedures or anything else.

Second, inserting conditions in this unconditional waiver of
sovereign immunity is at odds with our treatment of section 554.005 of the Act.  That
section requires claimants to initiate a grievance and sue within ninety days after the alleged
violation occurred or was discovered. 
If they wait too long, they may lose the case, but we do not lose
subject-matter jurisdiction.  See
University of Houston v. Elthon, 9 S.W.3d 351, 356 (Tex. App.CHouston [14th Dist.] 1999, pet. dism=d w.o.j.) (holding failure to file
suit within ninety days is affirmative defense raised by summary judgment
rather than jurisdictional matter raised by plea to the jurisdiction).[1]

Third, in Essenburg v. Dallas County, the Texas
Supreme Court drew a distinction between Aexhaustion@ and Apresentment@ statutes:

$                  
statutes
requiring exhaustion of administrative remedies confer primary
jurisdiction upon an administrative agency; failure to comply requires
dismissal for want of jurisdiction.








$                  
statutes
requiring presentment give a governmental defendant notice and an
opportunity to settle claims without litigation; failure to comply requires
only an abatement. 

988 S.W.2d 188, 189 (Tex. 1998) (per curiam).  As the Whistleblower
Act requires employees to initiate but not exhaust grievance
procedures, it can only fall in Essenburg=s presentment category.  Thus, when Dr. Barrett jumped the gun,
abatement was the proper remedy to allow UTMB to investigate and try to settle
the claim.  As six years have passed
since he filed suit, UTMB has had more than a fair opportunity to do so.  Neither dismissal nor abatement is warranted.  Id.[2]  

Fourth, this old-fashioned, no-jurisdiction approach to
statutory construction has been rejected by the Texas Supreme Court.  Traditionally, compliance with prerequisites
to statutory claims (like this one) was not just mandatory but jurisdictionalCfailure to comply meant the judgment
was void and could be collaterally attacked years later.  But in Dubai Petroleum Co. v. Kazi,
the Texas Supreme Court abandoned this approach, holding that compliance with
statutory prerequisites may affect recovery, but not the court=s subject-matter jurisdiction.  12 S.W.3d 71, 76 (Tex. 2000).[3]  








The Court is correct that several intermediate appellate
courts (including ours)  have held that
an employee=s failure to initiate a grievance is
jurisdictional.[4]  The Act does say that an employee must
initiate a grievance before filing suit:

A public employee must initiate action under the
grievance or appeal procedures of the employing state or local governmental
entity relating to suspension or termination of employment or adverse personnel
action before suing under this chapter.  

 

Tex. Gov=t Code ' 554.006(a).  But this section does not say what the
consequences are if an employee fails to do so. 
For example, the similar requirement in the DTPA for written notice 60
days before filing suit is also mandatory, but the remedy for failure is a
60-day abatement, not dismissal.  See Tex. Civ. Prac. & Rem. Code ' 17.505; Hines v. Hash, 843
S.W.2d 464, 469 (Tex. 1992).  No court
has explained why the grievance requirement in section 554.006 amends the
unconditional waiver of immunity in section 554.0035, when the Act contains
nothing to suggest they are related.  

But even if our sister courts are correct that initiating a
grievance is jurisdictional, that is no support for this court to follow the
error of City of  San Antonio v. Marin,
holding that failure to wait 60 days after initiating a grievance is also
jurisdictional.  19 S.W.3d 438, 441 (Tex.
App.CSan Antonio 2000, no pet.).[5]  The 60-day provision is stated in terms that
are elective, not mandatory:








If a final decision is not rendered before the 61st
day after the date procedures are initiated under Subsection (a), the employee may
elect to:  (1) exhaust the applicable
procedures under Subsection (a), in which event the employee must sue not later
than the 30th day after the date those procedures are exhausted to obtain
relief under this chapter; or (2) terminate procedures under Subsection (a), in
which event the employee must sue within the time remaining under Section
554.005 to obtain relief under this chapter. 

 

Tex. Gov=t Code ' 554.006(d) (emphasis added).  Like section 554.006(a), there is nothing
here to suggest sovereign immunity is waived only after the stated deadline, or
that subject-matter jurisdiction suddenly pops into existence at that
point.  But unlike section 554.006(a),
this section does not even state that an employee Amust@ wait until the deadline passes to
sue.[6] 

The Court professes to Ainterpret the act according to the
plain meaning of the statute.@  But at the same time,
it finds:

$                  
the 1995 amendment
changing Aexhaust@ to Ainitiate@ had Ano practical effect@;

$                  
the
waiver of immunity is conditional, even though it does not say so; and

$                  
the 60-day
waiting period is mandatory, even though it says Amay,@ not Amust.@

If this is a Aplain@ reading, I need new glasses.       

The Whistleblower Act contains
some very close timetables, and the interaction among them is complicated.  I do not believe the Legislature intended to
make this a game.  The statutory
deadlines have their purposes, but those do 
not include tossing whistleblowers out of court for filing too
early.  Thus, I would hold that
compliance is not jurisdictional, and affirm the trial court=s order. 

 

 

/s/        Scott Brister

Chief Justice








 

Judgment rendered
and Majority and Dissenting Opinions filed December 12, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Publish C Tex.
R. App. P. 47.3(b).











[1]  Under section
554.003, a public employee is entitled to sue for, inter alia, injunctive
relief, actual damages, court costs, and reasonable attorney fees arising from
the termination or suspension of employment or an adverse personnel action in
violation of section 554.002.  





[2]  In parts II.D
and E we address the inapplicability of the Texas Supreme Court cases cited by
the dissent.  To the extent the dissent
relies on precedent from courts other than the Texas Supreme Court or the
United States Supreme Court, this Court is not obligated to follow those
decisions.  See Penrod Drilling Corp.
v. Williams, 868 S.W.2d 294, 296 (Tex. 1993).





[1]  Accord,
Texas Dept. of Mental Health and Mental Retardation v. Olofsson,
59 S.W.3d 831, 833 (Tex.  App.CAustin 2001, no pet. h.); Castleberry Independent School Dist. v. Doe,
35 S.W.3d 777, 782 (Tex.  App.CFort Worth 2001, pet. dism=d w.o.j.); contra, Tex.  S. 
Univ.  v.  Carter, 84 S.W.3d
787, 791-92 (Tex.  App.CHouston
[1st Dist.] 2002, no pet. h.).





[2]  The Court
dismisses Essenburg because the presentment provision in that case did
not waive immunity; but as discussed below, neither does section 554.006.  Nor is the Court correct that on this point Essenburg
Aadverted
favorably@ to  Gregg County v. Farrar, 933 S.W.2d
769, 777 (Tex. App.CAustin 1996,
writ denied) (finding section 554.006 jurisdictional); the Essenburg court
cited to Farrar only for the proposition that section 89.041 of the Texas Local Government Code is a notice
statute.  Essenburg, 988 S.W.2d at
188-89. 





[3]  The Court says
we can ignore Kazi because the supreme court Acontinues to hold that plaintiffs must comply with
statutory prerequisites in order to confer jurisdiction on the trial court.@  Ante at
__.  The cases the Court cites for
support concern:

$                   
contract claims against the government (in which sovereign
immunity exists regardless of exhaustion or presentment), see Travis County
v. Pelzel & Assoc., 77 S.W.3d 246 (Tex. 2002); Texas Nat=l Resource Conservation Comm=n v. IT-Davy,
74 S.W.3d 849 (Tex. 2002); and 

$                   
an exhaustion
statute, see Wilmer-Hutchins Indep. School Dist. v.  Sullivan, 51 S.W.2d 293 (Tex. 2001) (per
curiam).

I agree that, as these cases show, some matters
remain jurisdictional.  But that does not
change what the supreme court said about presentment statutes in Essenburg.






[4]  See
Fort Bend Indep. Sch. Dist. v. Rivera, 2002 WL
1899717, * 4 (Tex.  App.CHouston
[14th Dist.] 2002, no pet. h); City of Weatherford v. Catron, 83 S.W.3d
261, 266 (Tex. App.CFort Worth
2002, no pet. h.); Tex.  S.  Univ. 
v.  Carter, 84 S.W.3d at
791-92; Johnson v. The City of Dublin, 46 S.W.3d 401, 405 (Tex. App.CEastland
2001, pet. denied); Gregg County v. Farrar, 933 S.W.2d 769, 777 (Tex.
App.CAustin 1996,
writ denied). 





[5]  In Marin,
it is significant that the City requested abatement, not dismissal. But because
the employees in that case had abandoned their grievance and the American
Arbitration Association had closed the file, there was nothing left to abate
the case for.





[6]  In University
of Texas Medical Branch at Galveston v. Hohman, the First Court of Appeals
found the trial court had jurisdiction under the Whistleblower Act, even though
the facts recited show the employees did not wait sixty days after initiating
grievance procedures before filing suit. 
6 S.W.3d 767, 774-75 (Tex.  App.CHouston [1st Dist.] 1999, pet. dism=d w.o.j.).